■ 390 WEST END AVENUE ASSOCIATES, Appellant-Respondent, v CHARLES YOUNGSTEIN et al., Respondents-Appellants. [634 NYS2d 112] —Order of the Supreme Court, New York County (William J. Davis, J.), entered December 14, 1994, which, sua sponte, dismissed the action, based on an earlier consent judgment concerning the subject apartment, is unanimously affirmed, without prejudice to an application to vacate the declaratory judgment before the Justice who signed the consent decree, without costs or disbursements.

Plaintiff partnership is the landlord of the building at the address for which it is named. Defendants Charles and Rachel Youngstein are the tenants of record of apartment 8J at the subject premises. Defendant Billie Gray, also known as Paula Gray, is the daughter of the Youngsteins and defendant Jennifer Gullage is Gray's daughter. Gray and Gullage presently reside in the apartment.

In November 1990, defendant Gray was an attorney employed by Milton Kestenberg, an attorney and a partner in plaintiff as well as its managing agent, with offices in the subject premises. The lease giving rise to the present occupancy of apartment 8J was taken in the name of the Youngsteins, defendant Gray's elderly parents, who at the time of its execution resided in California. The lease provided that both the landlord and the tenant understood that the apartment was exempt from the Rent Stabilization Law due to the fact of the tenants' California residency. It also contained a representation from the tenant that any persons who might occupy the apartment would not use the apartment as their primary residence throughout the term of the lease. It further provided that the tenant would have no right to renew the lease pursuant to the Rent Stabilization Law, and that the lease would not be binding until the entry of a judgment by the Supreme Court in New York County "declaring the subject apartment exempt and excluded from the protection and provisions of the Rent Stabilization Law".

Defendant Gray, who claims little knowledge of real estate law, prepared the subject lease and brought the required declaratory judgment action to exempt the apartment from the Rent Stabilization Law, as an attorney employed by Kestenberg. On January 14, 1992, Justice McCooe signed a consent judgment decontrolling apartment 8J on the basis the named tenants would not be occupying the apartment as their primary residence.

Plaintiff brought this action seeking a declaratory judgment that Gray breached her fiduciary obligations to plaintiff in that Gray was representing plaintiff when she improperly created and caused the subject lease to be executed and obtained the prior declaratory judgment on consent. Plaintiff also seeks rescission of the lease and ejectment of Gray and her daughter, use and occupancy and an immediate judgment for arrears representing agreed-upon rental payments. Finally, plaintiff seeks treble damages under section 487 of the Judiciary Law against Gray for engaging in deceitful conduct in seeking the declaratory judgment decontrolling the subject apartment.

Defendants defaulted and plaintiff obtained a default judgment and order for inquest. Defendants then moved to compel acceptance of an answer and relief from the default judgment and plaintiff cross-moved for an immediate judgment ejecting Gray from the apartment and the entry of a default for $56,000 for accrued rent and an inquest for other damages. The IAS Court did not rule on either the motion or the cross-motion,

but, instead, *sua sponte*, dismissed the action on *res judicata* grounds based on the former declaratory judgment action.

While we do not expressly rule on the *res judicata* issue raised by the parties, we affirm the dismissal of the action. From the short recitation of the factual situation prevailing when the prior consent judgment was obtained, it is now apparent that the parties may have attempted to evade the Rent Stabilization Law and create an " 'illusory' tenancy" (*Yellon v Reiner-Kaiser Assocs.*, 89 AD2d 561, 563). Thus, plaintiff's status as a wrongdoer, *in pari delicto*, justifies the equitable denial of any affirmative relief to it in this action (*see,* 3 Pomeroy's Equity Jurisprudence § 940, at 728 [5th ed]). The prior judgment which plaintiff obtained operates as a bar to this action. This disposition by us is without prejudice to the commencement of a proceeding to obtain a vacatur of that declaratory judgment before Justice McCooe. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.