OPINION OF THE COURT
 

 Memorandum.
 

 The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 This is a rent overcharge action in which the plaintiff tenant seeks recovery of rents paid in excess of the prior stabilized rate, and accompanying statutory damages. The appeal, as of right on a two-Justice dissent from the prior nonfinal order, is brought by the defendant landlord, Georgia Properties, Inc.
 

 The landlord argues that the tenant was wrongly awarded summary judgment. It complains that it was not given an opportunity to conduct discovery concerning the tenant’s primary residence status, especially since their lease stated that the tenant would not use the apartment as her primary residence. The tenant counters that the landlord proposed that she had to sign the lease and rider in the form the landlord presented to her, which included the false representation that the apartment would not be her primary residence.
 

 Rent Stabilization Code § 2525.3 (b) prohibits an owner from requiring a prospective tenant “to represent or agree as a condition of renting a housing accommodation that the housing accommodation shall not be used as the * * * prospective tenant’s primary residence” (9 NYCRR 2525.3 [b]). Moreover,
 
 *811
 
 Rent Stabilization Code § 2520.13 provides that “[a]n agreement by the tenant to waive the benefit of any provision of the [Rent Stabilization Law] or this Code is void” (9 NYCRR 2520.13).
 

 Taken together, these prohibitions bar a landlord from securing a lease on the condition of a tenant’s acquiescence in a representation of non-primary residence usage. De-regulation of apartments is otherwise available through regular, officially authorized means
 
 (see generally,
 
 Rent Stabilization Law [Administrative Code of City of NY! § 26-503), not by private compact as was attempted here — a means expressly forbidden.
 

 Discovery may be appropriate in some landlord-tenant disputes. Here, however, the tenant’s submission of evidence as to her use of the apartment as a continuous, primary residence negates the necessity for discovery before summary judgment may be found available and appropriate.
 

 In particular, the tenant’s affidavit in support of her motion for summary judgment stated that she had resided in New York City prior to moving into the apartment and she had consistently resided in this apartment, as her sole residence, since July 1991. Attached to the affidavit were copies of correspondence from the landlord directed to her at the apartment, her driver’s license, her voter registration card, the front page of her tax returns, utility bills with bill dates beginning in July 1991, a contract for her son’s enrollment at a nearby private school, and correspondence sent to the apartment from a community group thanking her for her contribution.
 

 The tenant’s submissions of this cogent proof that she used the apartment as her primary residence since commencement of the lease term, coupled with the firm statutory prohibitions, support the grant of summary judgment by both lower courts. As a matter of law, in these circumstances, the landlord could neither discover nor present anything to overcome the tenant’s prevailing legal position that no triable issue of fact is present.
 

 We have considered all other arguments and conclude that they are without merit in these circumstances.
 

 Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur; Chief Judge Kaye taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.