■ 390 WEST END ASSOCIATES, Respondent, v LIOR ZOUKER, Defendant, and ANDREW SHEINMAN et al., Proposed Intervenors-Appellants. [753 NYS2d 723] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered November 5, 2001, which, in an action for a declaration that the subject apartment is not defendant tenant's primary residence and therefore is not subject to the Rent Stabilization Law, denied appellants' motion to intervene, unanimously affirmed, with costs payable by proposed intervenors to plaintiff.

Defendant tenant never resided in the subject apartment but sublet it to appellants, who continue to reside in it. As a result of prior motion practice, of which appellants had notice, a judgment was entered which vacated a prior consent judgment exempting the apartment from rent stabilization, declared the parties' lease null and void and directed plaintiff landlord to offer appellants a rent-stabilized lease. The order underlying the

judgment denied so much of plaintiff's motion as sought to fix appellants' rent, on the ground that the amount of rent should be determined by the Division of Housing and Community Renewal (DHCR) (citing *390 W. End Assoc. v Baron*, 274 AD2d 330). A subsequent motion by plaintiff, again not opposed by appellants, again sought to fix appellants' rent, and was again denied on the ground that rent should be fixed by DHCR. Thereafter, plaintiff tendered appellants a rent-stabilized lease, whereupon appellants made the instant motion to intervene, arguing that their intervention was the only way to assure that they would not be overcharged for rent. The motion court correctly denied the motion on the ground that the action is no longer pending. Moreover, it is not readily apparent why appellants, who have been made tenants of record entitled to the protection of the Rent Stabilization Law, are aggrieved by what has transpired to date. The only outstanding matters, i.e., the fixing of rent under the Rent Stabilization Law and the award of refunds and penalties for any overcharges, if warranted, will be decided by DHCR, determined to be the appropriate decision maker in proceedings in which appellants did not participate although given ample notice. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.