■ GEORGIA PROPERTIES, INC., Appellant, v KATHERINE DALSIMER, Respondent. [835 NYS2d 41]—

Order, Supreme Court, New York County (Barbara R. Kap-

nick, J.), entered January 18, 2006, which, to the extent appealed from as limited by the briefs, granted defendant's CPLR 3211 (a) (7) motion to dismiss that portion of the complaint seeking a declaration that the parties' stipulation with respect to apartment 18D violated the Rent Stabilization Code (RSC) and was thus void as against public policy, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff is the owner and landlord of a building at 275 Central Park West. In 1969, it leased apartment 19A, which was subject to rent stabilization, to defendant's late husband, Dr. Robert Liebert. The lease specifically provided that the apartment was to be used partly for professional and partly for residential purposes. In 1978, plaintiff and Dr. Liebert entered into another lease for apartment 18D, also subject to rent stabilization, which was to be used for residential purposes only.

When defendant married Liebert in 1979, she moved into the apartments with him. She used apartment 19A partly as an office for her therapy practice, and even sublet a portion of that apartment to another therapist. Defendant maintains that she also used the apartment as a residence for herself and at times for her children. When Dr. Liebert died in 1988, defendant became the successor tenant of both apartments.

In April 2000, plaintiff filed a petition with the State Division of Housing and Community Renewal (DHCR) for high income rent deregulation of apartment 18D. Defendant responded that her income did not exceed the $175,000 threshold and submitted tax returns to verify this assertion.

In May 2000, plaintiff instituted a holdover proceeding against defendant and her stepdaughter, Dana Liebert, alleging that apartment 19A was not their primary residence. The complaint alleged that Dr. Liebert had ceased residing there in 1998, and that defendant and her new husband were using the apartment as professional offices.

On December 7, 2000, the parties entered into a stipulation of settlement, later "so ordered" by the court in which they agreed that apartment 19A would be permanently deregulated and a two-year, nonregulated office lease would be signed at an initial rent of $4,400 per month, with an option to renew the lease for four successive two-year terms at a rent increase of 15% for each two-year renewal. Paragraph (5) of the stipulation provided that, in consideration for defendant entering into this office lease for apartment 19A, plaintiff agreed to refrain "in perpetuity" from making any application to DHCR for high income rent deregulation of apartment 18D and would discontinue with

prejudice the pending petition for deregulation of that apartment.

In 2004, plaintiff filed a new high rent, high income luxury deregulation petition with DHCR for apartment 18D. Defendant submitted a partial answer to the DHCR petition, claiming estoppel against plaintiff by reason of paragraph (5) of the stipulation. However, unlike the prior proceeding before DHCR, defendant did not answer the inquiry as to whether her household income exceeded $175,000 in each of the two preceding calendar years.

Plaintiff then initiated the instant action seeking a judgment that the stipulation was void as against the RSC and public policy for both apartments. Defendant's motion to dismiss the complaint for failure to state a cause of action was granted. Plaintiff appeals only from that portion of the order concerning apartment 18D, arguing that the portion of the stipulation pertaining to apartment 19A was lawful and enforceable, while the provisions concerning apartment 18D were void as against public policy.

We have previously held that "an agreement in purported or actual settlement of a landlord-tenant dispute which waives the benefit of a statutory protection is unenforceable as a matter of public policy, even if it benefits the tenant" (*Drucker v Mauro*, 30 AD3d 37, 38 [2006], *appeal dismissed* 7 NY3d 844 [2006]). Such agreements undermine the "viability of the rent regulation system," and we have consistently prohibited "landlords and tenants from making private agreements to effectively deregulate applicable housing units" (*390 W. End Assoc. v Harel*, 298 AD2d 11, 16 [2002]). Deregulation of apartments is only "available through regular, officially authorized means [and] not by private compact" (*Draper v Georgia Props.*, 94 NY2d 809, 811 [1999] [citation omitted]).

Applying these principles to this case, plaintiff correctly argues that the portion of the agreement pertaining to apartment 18D is void as against public policy. However, it does not follow that the portion of the agreement pertaining to apartment 19A is legal, enforceable and severable. An agreement to waive the provisions of the Rent Stabilization Law or the RSC is void as against public policy (*390 W. End Assoc. v Baron*, 274 AD2d 330, 332 [2000]). Where the main objective of an agreement is illegal, courts will not sever and enforce incidental legal clauses (*Abright v Shapiro*, 214 AD2d 496 [1995]).

Since defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and plaintiff did not move for summary judgment, the merits of plaintiff's complaint with regards to

apartment 19A are not before us on this appeal. Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.