*23 OPINION OF THE COURT
Per Curiam.
Final judgment, entered September 25, 2006, reversed, with $25 costs, and petition dismissed.
Tenants initially took possession of two separate, but contiguous rent-stabilized apartments pursuant to separate lease agreements. Thereafter, tenants combined the apartments into one unit by removing an adjoining wall. The “so-ordered” stipulation entered into by the parties in settlement of the ensuing holdover summary proceeding based on tenants’ unauthorized alterations provided, inter alia, that tenants would take appropriate steps to legalize the combining of the apartments and execute an unregulated lease agreement for the combined unit at an initial rent of $2,001 per month, an amount in excess of the combined maximum legal rent for both apartments. At issue on this appeal is whether the stipulation is void as against public policy.
“[A]n agreement in purported or actual settlement of a landlord-tenant dispute which waives the benefit of a statutory protection is unenforceable as a matter of public policy, even if it benefits the tenant” (Drucker v Mauro, 30 AD3d 37, 38 [2006], lv dismissed 7 NY3d 844 [2006]; see also Riverside Syndicate, Inc. v Munroe, 10 NY3d 18 [2008]). Here, the parties’ agreement, which effectively deregulated two stabilized apartments and provided for the payment of an unlawful rent, undermines the viability of the rent regulation system and is unenforceable. Landlords and tenants are prohibited “from making private agreements to effectively deregulate applicable housing units” (Georgia Props., Inc. v Dalsimer, 39 AD3d 332, 334 [2007] [internal quotation marks omitted]).
Contrary to landlord’s argument, the illegal agreement entered into by the parties cannot be countenanced under DHCR’s “first rent” policy (see Matter of Devlin v New York State Div. of Hous. & Community Renewal, 309 AD2d 191, 193 [2003], lv denied 2 NY3d 705 [2004]), inasmuch as the combined unit resulting from the current tenants’ unauthorized alterations is not a newly created unit as contemplated under the administrative policy. As noted by the Devlin Court, the “implementation of a first rent status for a particular unit should not be a device to frustrate the purposes of the Rent Stabilization Law” (id. at 194). We are not faced here with a situation where a landlord, after two apartments become vacant, significantly alters the *24 perimeters and dimensions of the apartments and creates a new unit. Rather, the parties herein agreed to deregulate two stabilized apartments after the existing tenants, without permission, altered their units. “Deregulation of apartments is only ‘available through regular, officially authorized means [and] not by private compact’ ” (Georgia Props., Inc. v Dalsimer, 39 AD3d at 334, quoting Draper v Georgia Props., 94 NY2d 809, 811 [1999]).
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.