OPINION OF THE COURT
Per Curiam.
Final judgment, entered October 1, 2004, affirmed, with $25 costs.
The trial evidence, fairly interpreted, supports the court’s determination that respondent and his family have continuously occupied the subject apartment since before June 30, 1971, and that the apartment is subject to rent control (see NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [2] [i] [9]; Rent and Eviction Regulations [9 NYCRR] § 2200.2 [f] [17]; Matter of Posalski v State of N.Y. Div. of Hous. & Community Renewal, Off. of Rent Admin., 291 AD2d 327 [2002]). This finding, resting in large measure on considerations relating to the credibility of respondent and his witnesses, whose testimony was found by the trial court to be “consistent, believable and supported by the DHCR records,” is entitled to deference on appeal, especially in view of petitioner’s failure to proffer any competent evidence to support its assertion that respondent’s family took occupancy of the subject apartment after the 1971 base date. Since it is not seriously disputed that respondent primarily resided with his father, the tenant of record, for the requisite two-year period immediately prior to his father’s death (see Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d]), respondent is entitled to succeed to the rent-controlled tenancy.
That the record tenant acceded to petitioner’s demand that he execute a stabilized lease for what petitioner (mis)represented to be an unregulated apartment some 13 years after the rent-controlled tenancy began, does not negate respondent’s otherwise persuasive showing that his father’s tenancy was rent controlled. A contrary holding would run afoul of the statutory proscription against agreements waiving the benefits of the rent control law (see Rent and Eviction Regulations [9 NYCRR] § 2200.15), and ignore the well established principle that “[deregulation of apartments is only ‘available through regular, officially authorized means [and] not by private compact’ ” (Georgia Props., Inc. v Dalsimer, 39 AD3d 332, 334 [2007], quoting Draper v Georgia Props., 94 NY2d 809, 811 [1999]).
*61 McKeon, EJ., Schoenfeld and Heitler, JJ., concur.