OPINION OF THE COURT
Per Curiam.
Order entered August 26, 1985 reversed, without costs, and final judgment of possession granted in favor of petitioner.
The statutory tenant herein was convicted after trial of murder in the second degree and was sentenced in January 1985 to an indeterminate term of 15 years to life. In April 1985 landlord commenced this nonprimary residence proceeding, effecting personal service upon tenant at the correctional *128 facility where he is currently incarcerated. It does not appear that the controlled premises are presently occupied by anyone. The Housing Court, after a brief hearing at which testimony was taken from the landlord’s managing agent,[1] dismissed the proceeding on the theory that tenant remained domiciled at the subject premises and that the premises thereby continued as his primary residence even in his absence.
While the facts in this case do not fit neatly within the confines of traditional primary residence analysis, we are persuaded that the policy considerations underlying the original implementation of the nonprimary residence regulation (NY City Rent and Eviction Regulations former § 18, now 9 NYCRR 2200.2 [f] [18]) will best be furthered by the granting of landlord’s petition here. As has been stated in a related context, "an overriding purpose of section 18 was to insure that only those New Yorkers using their apartments as primary residences were to reap the rent benefits provided by rent-controlled status” (Matter of L.J.M. Venture No. 1 v Joy, 105 Misc 2d 291, 296, wherein it was determined that a move to a nursing home by the tenant constituted a change in primary residence). "The purpose of the primary residence decontrol law was to alleviate the shortage of housing in New York City by returning underutilized apartments to the market place” (Matter of Herzog v Joy, 74 AD2d 372, 374, affd 53 NY2d 821). These legislative objectives will not be served by simply permitting the apartment at issue to remain vacant while the tenant serves a lengthy indeterminate sentence. Manifestly, a tenant who voluntarily absented himself from his residence for the period of time with which we are concerned in the instant case could not successfully defend a nonprimary residence proceeding, and there would seem to be no particular reason to extend greater protection to a tenant whose absence is now compelled by the circumstance of his prolonged incarceration.
That the tenant may subjectively intend to ultimately return to the premises, if and when he is released, is not the determinative consideration. The issue is not so much one of legal domicile as it is one of primary residence.[2] We take *129 primary residence to mean an ongoing, substantial, physical nexus with the controlled premises for actual living purposes —which can be demonstrated by objective, empirical evidence. The tenant herein, who will necessarily be absent from the premises for the foreseeable future, is not a person who meets this standard and, therefore, he is no longer entitled to the benefits of controlled status.
Hughes, P. J., Riccobono and Ostrau, JJ., concur.

. There was no appearance on tenant’s behalf at the proceedings below. On this appeal, tenant is represented by a legal services organization.

. In its present form, neither the New York City Rent and Rehabilitation Law (see, Administrative Code of City of New York § 26-403 [e] [2] [i] [10]) nor the New York City Rent and Eviction Regulations (see, 9 NYCRR 2200.2 [f] [18]) makes any reference to "domicile” in connection with primary residence.