■ East End Temple, Respondent, v Linda Silverman, Also Known as Linda Baker, Appellant. [605 NYS2d 56] — Order and judgment (one paper), Supreme Court, New York County (Alfred Toker, J.), entered on or about August 26, 1992, which *inter alia,* granted plaintiff landlord's motion for summary judgment and declared that the landlord was entitled to possession of the subject apartment, and an order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered January 20, 1993, which dismissed the defendant's counterclaims for constructive eviction and intentional infliction of emotional distress, unanimously affirmed, with costs. Primary residence is "an ongoing, substantial, physical nexus with the [stabilized] premises for actual living purposes" *(Emay Props. Corp. v Norton,* 136 Misc 2d 127, 129). Rent Stabilization Code (9 NYCRR) § 2524.4 (c) allows a landlord to refuse to renew a stabilized tenant's lease if the tenant does not occupy the premises as the primary residence. The evidence, including defendant's own testimony and her extrajudicial testimony contained in the mortgage application for a New Jersey residential property, clearly demonstrates that the tenant did not maintain an ongoing, substantial, physical nexus with the subject premises.

The defendant tenant's claim of a constructive eviction is without merit. The defendant tenant's own testimony reflects that a one time occurrence of smoke prompted her to vacate her apartment. This single day of inconvenience does not amount to a substantial and material deprivation of use and enjoyment of the premises *(Barash v Pennsylvania Term. Real Estate Corp.,* 26 NY2d 77, 83). Further, the tenant did not abandon possession of the apartment because of the building's allegedly deteriorating condition. She and her husband stayed in the apartment "from time to time" before the day of the smoke condition.

It is also clear that the allegedly deteriorating conditions in the building and the smoke condition did not cause the defendant mental anguish *(see, Couri v Westchester Country Club,* 186 AD2d 712, 715, *lv dismissed in part and denied in*

*part* 81 NY2d 912). The defendant, who returned to the apartment from time to time before the single day of inconvenience, presented no proof of injury.

Defendant tenant's claim that a procedural error was committed by granting the landlord a judgment of possession where such relief was not sought in the landlord's complaint is without merit. The court was free to grant any type of relief within its jurisdiction appropriate to the proof whether or not expressly demanded (43 NY Jur 2d, Declaratory Judgments, § 58). Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.