■ FIORINO ORLANDO et al., Appellants, v RUBERSI SALES, INC., Doing Business as SIMON'S MEN'S WEAR, Respondent. [680 NYS2d 310] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered August 6, 1997 in Schenectady County, upon a verdict rendered in favor of defendant.

Defendant is a closely held corporation formed by Ruth Bernstein and Simon Bernstein for the purpose of operating a men's clothing store known as Simon's Men's Wear in the City of Schenectady, Schenectady County. In the late 1960s, plaintiff Fiorino Orlando (hereinafter plaintiff) began working for defendant as a tailor. By the early 1990s, defendant employed two other tailors in addition to plaintiff. In 1992, defendant hired Bella Lembersky to fill in while plaintiff was on vacation and to do the work of one of the other tailors who was having health problems. Lembersky was hired prior to plaintiff's three-week vacation and worked on a full-time basis while plaintiff was away. In July 1992, after plaintiff returned, business began to slow and the Bernsteins' son, Michael (hereinafter Bernstein), who was running the business at the time, advised the employees that no layoffs would be necessary if all agreed to take off one day per week. To plaintiff's dissatisfaction, the other employees agreed to that arrangement and no one was laid off. Shortly thereafter, plaintiff began looking for a location to start his own tailoring business. He stopped working for defendant on September 12, 1992 and opened his own business on October 1, 1992.

Thereafter, plaintiff and his wife, plaintiff Frances Orlando, commenced this action against defendant alleging, *inter alia*, causes of action for age discrimination (*see*, Executive Law § 296) and breach of contract. Following joinder of issue the case proceeded to trial and, at the close of proof, defendant moved for a directed verdict dismissing the complaint in its entirety. Supreme Court granted the motion to the extent of

dismissing all claims except for the breach of contract claim.* Before the jury had an opportunity to consider that claim, plaintiffs moved to reopen the case for the purpose of introducing a prior union contract into evidence as part of their case in chief. Supreme Court denied that motion. The jury returned a verdict finding, *inter alia*, that defendant did not breach a contract with plaintiff. Supreme Court entered judgment dismissing that cause of action and this appeal ensued.

Plaintiffs contend that they submitted prima facie proof of age discrimination and Supreme Court should have allowed the claim to go to the jury instead of dismissing it. In order to establish a prima facie case of age discrimination under Executive Law § 296, a plaintiff has to prove by a preponderance of the evidence: "(1) that he is a member of the class protected by the statute; (2) that he was actively or constructively discharged; (3) that he was qualified to hold the position from which he was terminated; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 629; *see, Ashker v International Bus. Machs. Corp.*, 168 AD2d 724, 725).

Viewing the evidence in the light most favorable to plaintiffs (*see, Atkinson v Safety Kleen Corp.*, 240 AD2d 1003, 1004; *English v City of Albany*, 235 AD2d 977, 978), we still conclude that Supreme Court properly directed a verdict dismissing the age discrimination claim. Turning to the elements of such a cause of action, the record contains uncontroverted proof that plaintiff is within the statutory age group and was qualified for the position of tailor. We note that conflicting evidence was presented concerning whether plaintiff was laid off from his position or resigned to open his own business. The record, however, is devoid of evidence indicating that the cessation of plaintiff's employment occurred under circumstances giving rise to the inference of age discrimination, an element critical to the establishment of a prima facie case.

Initially, we note that the events preceding the cessation of plaintiff's employment are not suggestive of discrimination. Undisputed testimony was presented that the tailoring business is cyclical in nature with slowdowns typically occurring during the summer months. In the early 1980s when defendant's employees were unionized, layoffs were made during the slow periods according to seniority. In 1987, however, the union was voted out. During the summer of 1992, Bernstein gave the

---

* Prior to a decision on the motion, plaintiffs voluntarily discontinued certain claims.

employees the opportunity of avoiding layoffs by taking one day off per week. Plaintiff expressed his dissatisfaction with that arrangement; however, the employees voted in favor of the decrease in hours. Inasmuch as the change in hours affected all employees equally, there is no basis for concluding that the reduction was designed to force plaintiff out.

In further support of his contention that he was discriminated against based on his age, plaintiff places much reliance on the fact that he was earning more than Lembersky, specifically $760 per week plus health benefits while Lembersky was earning $360 per week without health benefits. This factor alone is not indicative of discrimination. Furthermore, although plaintiff maintains that Lembersky was hired to replace him, this contention is not supported by the record. Lembersky was hired prior to plaintiff's vacation and worked with him for a period of time. Moreover, Bernstein testified that Lembersky was hired to fill in while plaintiff was on vacation and to replace another tailor who was experiencing health problems. In our view, the disparity in compensation between plaintiff and Lembersky and the timing of Lembersky's hiring, without more, does not support the inference that plaintiff was discriminated against based upon his age. Therefore, we find no reason to disturb the dismissal of the age discrimination claim.

Plaintiffs further assert that Supreme Court abused its discretion in denying their motion to reopen the case to permit the introduction of the prior union contract. We disagree. The order and timing of introducing evidence are matters within the sound discretion of the trial court (*see, Feldsberg v Nitschke*, 49 NY2d 636, 643; *Matter of Hover v Shear*, 232 AD2d 749, 750, *lv dismissed in part, lv denied in part* 89 NY2d 964), which may permit or prohibit a party from reopening a case to remedy defects in the proof (*see, Noga v Noga*, 235 AD2d 1002; *Benjamin v Desai*, 228 AD2d 764, 766; *Lagana v French*, 145 AD2d 541). Given that the motion was made at the very close of the proof and plaintiffs did not provide an explanation for their failure to act more expeditiously, we cannot say that Supreme Court abused its discretion in denying the motion (*see, Noga v Noga, supra*). In any event, plaintiffs were not prejudiced by the denial inasmuch as testimony was adduced regarding the terms of the layoff provision, which terms were not contested by defendant. In view of the foregoing, Supreme Court's judgment is affirmed.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.