■ EMEL REALTY CORP., Respondent, v ROSEANNE CAREY, Also Known as ROSEANNE C. YOUNG, Appellant. [733 NYS2d 188] —Order of the Appellate Term of the Supreme Court, First Department, entered on or about April 6, 2001, which, *inter alia*, reversed a judgment of the Civil Court, New York County (Ruben Martino, J.), entered April 26, 1999, after a nonjury trial, finding, contrary to Civil Court, that respondent tenant did not use the subject rent-stabilized apartment as her primary residence, and granted the petition and possession of said apartment to petitioner landlord, unanimously affirmed, without costs.

As both the trial court and Appellate Term correctly found, the evidence overwhelmingly established that appellant tenant spent almost no time in the subject premises, having stayed there only seven nights over a period of at least 13 months. Moreover, prior to this period the premises were consistently used by persons other than appellant. Under these circumstances, appellant did not have the type of " 'ongoing, substantial, physical nexus with the controlled premises for actual living purposes' * * * that would justify affording the tenancy continued protection under the rent stabilization laws" (*Berwick Land Corp. v Mucelli*, 249 AD2d 18-19, quoting *Emay Props. Corp. v Norton*, 136 Misc 2d 127, 129). Both the trial court and Appellate Term properly rejected as incredible appellant's assertion that she was absent from the apartment due to fear of asbestos contamination, since she never made any such

complaint during the period in question and she allowed others to spend extended periods of time living at the apartment. Nor does appellant's purported singing career satisfactorily explain her absences from the apartment. There was no objective evidence of any such career, and, even if such a career existed and caused appellant to travel, it would not explain why she did not stay at the apartment when she was in New York for extended periods (*compare, Coronet Props. Co. v Brychova*, 122 Misc 2d 212, *affd* 126 Misc 2d 946). The documentary indicia of residency relied upon by appellant are outweighed in this case by the overwhelming, uncontested evidence of appellant's failure to use the premises for actual living purposes. This is particularly true since at least part of them were created after her counsel advised her to establish a "paper trail."

Appellant's remaining arguments are unavailing. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Saxe, JJ.