[838 NE2d 635, 804 NYS2d 719]

GLENBRIAR Co., Appellant, v S. LEE LIPSMAN et al., Respondents.

Argued September 14, 2005; decided October 20, 2005

## POINTS OF COUNSEL

*Mitofsky, Shapiro, Neville & Hazen LLP,* New York City (*Terry L. Hazen* of counsel), for appellant. I. Review of the instant case, construed in light of the body of case law dealing with nonprimary residence, requires reversal. II. Case law is replete with decisions indicating that findings of fact made by the trial court should not be disturbed on appeal, especially based on credibility issues. (*Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of 780 P.P. Assoc. v State of N.Y. Div. of Hous. & Community Renewal,* 11 AD3d 392; *Schilt v New York City Tr. Auth.,* 304 AD2d 189; *Corson v City of New York,* 290 AD2d 408; *Hurley v Cavitolo,* 239 AD2d 559; *Nelson v Times Sq. Stores Corp.,* 110 AD2d 691; *Matter of Yovanny G.,* 303 AD2d 336.)

*Elizabeth A. Shollenberger,* White Plains, for respondents. I. Lillian Lipsman has maintained an ongoing substantial physical nexus with the subject apartment, which she has used and uses for actual living purposes. (*Emay Props. Corp. v Norton,* 136 Misc 2d 127; *Sommer v Ann Turkel, Inc.,* 137 Misc 2d 7; *Berwick Land Corp. v Mucelli,* 249 AD2d 18; *Cox v J.D. Realty Assoc.,* 217 AD2d 179; *East End Temple v Silverman,* 199 AD2d 94; *Briar Hill Apts. Co. v Teperman,* 165 AD2d 519; *Wonko Realty Corp. v Estate of Dreisch,* 150 Misc 2d 1046; *West 157th St. Assoc. v Sassoonian,* 156 AD2d 137.) II. Spouses need not maintain the same legal residence. (*Matter of Rose Assoc. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 121 AD2d 185, 69 NY2d 601; *Peck v Wolf,* 157 AD2d 535; *23 Jones St. Assoc. v Keebler-Beretta,* 284 AD2d 109; *Newport Apts. Co. v Schechter,* 124 Misc 2d 760, 127 Misc 2d 793; *Chelsmore Apts. v Garcia,* 189 Misc 2d 542.) III. The appellate courts' decisions below comport with long-standing precedents involving snowbirds. (*Newport Apts. Co. v Schechter,* 124 Misc 2d 760, 127 Misc 2d 793; *Four Winds Assoc. v Rachlin,* 248 AD2d 352.) IV. Tax filings are not dispositive proof of residence. (*West 157th St. Assoc. v Sassoonian,* 156 AD2d 137; *Village Dev. Assoc. v Walker,*

282 AD2d 369; *300 E. 34th St. Co. v Habeeb,* 248 AD2d 50; *Matter of Rose Assoc. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.,* 121 AD2d 185, 69 NY2d 601; *23 Jones St. Assoc. v Keebler-Beretta,* 284 AD2d 109; *Four Winds Assoc. v Rachlin,* 248 AD2d 352.) V. Temporary justifiable absences from New York—even long absences—do not amount to a change in a tenant's primary residence. VI. The trial court decision herein contains errors of law and of fact and cannot be upheld. (*318 E. 93 v Ward,* 276 AD2d 277; *Peck v Wolf,* 157 AD2d 535; *Matter of Calvi v Knutson,* 195 AD2d 828; *Four Winds Assoc. v Rachlin,* 248 AD2d 352; *Coronet Props. Co. v Brychova,* 122 Misc 2d 212, 126 Misc 2d 946; *Ascot Realty LLC v Richstone,* 10 AD3d 513.) VII. The landlord failed to meet its burden of proof. (*318 E. 93 v Ward,* 276 AD2d 277; *Calvi v Knutson,* 195 AD2d 828; *Acorn Realty v Torres,* 169 Misc 2d 670; *Shuk Ying Sy v Doe,* 4 Misc 3d 139[A].) VIII. Cases cited by landlord are easily factually distinguishable. (*Berwick Land Corp. v Mucelli,* 249 AD2d 18; *Emel Realty Corp. v Carey,* 288 AD2d 163.)

**OPINION OF THE COURT**

G.B. SMITH, J.

The issue here is whether the petitioner landlord established that respondent tenants of a rent-stabilized apartment were not using the premises as their primary residence as required by the Rent Stabilization Code. The Appellate Term, affirmed by the Appellate Division, found that the landlord had not met its burden, and that finding is beyond our power to review. We, therefore, affirm the order of the Appellate Division.

In 1959, S. Lee Lipsman and his wife, Lillian Lipsman, moved into an apartment in the Bronx. In 1971, the building became subject to the rent stabilization laws and the Lipsmans became rent-stabilized tenants. In 1984, the building became a cooperative, but the Lipsmans did not purchase shares and chose to maintain their rent-stabilized status. The shares associated with the apartment were purchased by petitioner. In 1995, the Lipsmans purchased an apartment in West Palm Beach, Florida for approximately $20,000.

In 1999, the landlord served notice pursuant to the Rent Stabilization Code (9 NYCRR 2524.2 [c] [2]) that it would not renew the Lipsmans' lease because the premises were not being used as their primary residence. Subsequently, a holdover proceeding was brought in the Civil Court of the City of New York seeking to evict the Lipsmans on the ground that the apartment was not being used as their primary residence.

At a hearing on the petition, the landlord presented only one witness from the management company, who claimed never to have seen the Lipsmans in their apartment. However, he did not work full time at the building and could not verify how many people living in the building he knew. The landlord also presented documentary evidence of Mr. Lipsman's Florida driver's license, tax returns filed from the Florida residence signed by Mrs. Lipsman, and statements by Mr. Lipsman that the Florida residence was the primary residence for purposes of receiving the Florida homestead exemption. The Lipsmans asserted that Mr. Lipsman (who died in 2005) had his primary residence in Florida because of his emphysema but argued that Mrs. Lipsman remained a primary resident of New York, spending at least 183 days a year here, and maintaining bank accounts, family possessions (including furniture, china, photographs and clothing) and her voting residence in New York. They further provided evidence that the apartment was never sublet. Mrs. Lipsman testified that she does not drive or have a license.

Civil Court determined that tenants were not using the apartment as their primary residence as required by Rent Stabilization Code § 2524.4 (c) and ordered possession to the landlord. Appellate Term reversed and granted the landlord's motion for leave to appeal to the Appellate Division. On October 21, 2004, the Appellate Division affirmed the Appellate Term order, stating:

> "Mrs. Lipsman has kept a consistent presence at the Bronx apartment, and has continually maintained it as her primary residence. It is well settled that husband and wife may establish two separate primary residences without penalty. The fact that the Lipsmans may have what has been referred to as a 'conventional' marriage does not deprive them of the right to declare separate primary residences under law.

> "Further, as aptly stated in the Appellate Term decision, 'this case presents a not uncommon "snowbird" situation' where an elderly tenant purchases a Florida property for use during the winter and/or for vacations. However, the decision to spend winters in Florida with her husband, should not, under the circumstances, have the corollary effect of

causing Mrs. Lipsman to forfeit her principal residence of long standing in New York." (11 AD3d 352, 353-354 [2004] [citations omitted].)

The Appellate Division denied landlord's motion for reargument but granted leave to appeal to this Court, certifying the question, "Was the order of this Court, which affirmed the order of the Appellate Term of the Supreme Court, properly made?" We now affirm.

Our review of this case is circumscribed by the manner in which the appeal comes to us. The case was tried in the Civil Court of the City of New York. Subsequently, Appellate Term reversed the judgment and the Appellate Division affirmed. The Court of Appeals is a law court and ordinarily does not review facts except in a limited class of cases (NY Const, art VI, § 3). Where the Appellate Division reverses a trial court, this Court may review the facts to determine which court's determination more closely comports with the evidence. But where, as here, there are affirmed findings of fact supported by the record, even though the original Civil Court was reversed by Appellate Term, this Court cannot review those facts and substitute its own findings. This limitation on our jurisdiction is dispositive here, as the legal sufficiency of the evidence is not before us.

The Rent Stabilization Code (9 NYCRR 2524.4 [c]) requires that a premises be used by a tenant as a primary residence and authorizes a landlord to recover possession of premises when:

> "The housing accommodation is not occupied by the tenant, not including subtenants or occupants, as his or her primary residence, as determined by a court of competent jurisdiction; provided, however, that no action or proceeding shall be commenced seeking to recover possession on the ground that the housing accommodation is not occupied by the tenant as his or her primary residence unless the owner or lessor shall have given 30 days' notice to the tenant of his or her intention to commence such action or proceeding on such grounds. Such notice may be combined with the notice required by section 2524.2 (c) (2) of this Title" (9 NYCRR 2524.4 [c]).

The landlord has the burden of showing, by a preponderance of the evidence, that the tenants did not use the apartment as a primary residence. No single factor must be shown for the landlord to prevail. It may do so by presenting evidence such as

tax returns filed from another address, drivers' licenses, voting residences and the subletting of an apartment allegedly used as a primary residence (*see* Rent Stabilization Code § 2520.6 [u]).* The tenant may rebut the landlord's evidence and demonstrate that there was a substantial physical nexus to the apartment (*see Draper v Georgia Props.*, 94 NY2d 809, 811 [1999]).

Landlord argues that the tenants maintained the apartment for convenience only and not for a primary residence. Landlord argues further that since the tenants had bank accounts, filed taxes, obtained a driver's license and applied for and received a homestead exemption in Florida, the primary residence was in Florida and not New York. Landlord also maintains that the testimony of the Lipsmans was not credible because there were discrepancies in the evidence as to the time that Mrs. Lipsman left New York each year and the time that she returned.

Landlord points to some troubling facts: Mr. Lipsman (the recipient of all of the couple's income) claimed Florida as his principal residence, and obtained a tax advantage by doing so, while Mrs. Lipsman claimed to reside primarily in New York. Yet the Lipsmans were rarely physically separated; Mrs. Lipsman acknowledged at her deposition that she had spent one week apart from her husband in the preceding calendar year.

In this case, however, no issue is presented to us as to the inferences or legal implications that might follow from these facts. The landlord does not claim that the evidence was insufficient to support the affirmed finding that the landlord failed to meet its burden of showing that New York was not Mrs. Lipsman's primary residence, or present any other persuasive claim

---

* The Rent Stabilization Code (9 NYCRR 2520.6 [u]) provides:

"Primary residence. Although no single factor shall be solely determinative, evidence which may be considered in determining whether a housing accommodation subject to this Code is occupied as a primary residence shall include, without limitation, such factors as listed below:

"(1) specification by an occupant of an address other than such housing accommodation as a place of residence on any tax return, motor vehicle registration, driver's license or other document filed with a public agency;

"(2) use by an occupant of an address other than such housing accommodation as a voting address;

"(3) occupancy of the housing accommodation for an aggregate of less than 183 days in the most recent calendar year, except for temporary periods of relocation pursuant to section 2523.5 (b) (2) of this Title; and

"(4) subletting of the housing accommodation."

of legal error. On this record, we are bound by the finding below, which requires an affirmance of the Appellate Division's order.

Accordingly, the order of the Appellate Division should be affirmed, with costs. The certified question should be not answered on the ground that it is not necessary.

ROSENBLATT, J. (concurring). Because the Appellate Division has affirmed on findings of fact of the Appellate Term, I am constrained to concur in the Court's opinion (*see* majority op at 390, 393-394).

I appreciate the stated desire of the Lipsmans to keep their rent-stabilized apartment so that, among other benefits, their children may maintain ties with the home in which they were raised. On the other hand, I also sympathize with those who cannot afford a similar apartment in which to raise their own families, a plight exacerbated by tenants availing themselves of stabilized or controlled rents for New York apartments while simultaneously maintaining a primary residence in another state.

An apartment should not be decontrolled merely because its tenants are retired and want to spend some of the colder months in a warmer climate. I write separately, however, to highlight the unseemly prospect of spouses living together yet claiming two separate primary residences (here, one in Riverdale and one in West Palm Beach) in order to take advantage of the mutually exclusive benefits of two jurisdictions.

The Lipsmans concede that both Florida's homestead exemption and New York City's rent stabilization laws apply only to a primary residence. Here, the benefits of both were claimed. There are many bona fide arrangements in which one spouse can honestly take advantage of one state's laws and the other spouse the other state's. Spouses need not share a primary residence, and legitimate arrangements of that kind should be recognized. The open possibility, however, of manipulation and gaming of the system—as suggested by this record—is dismaying.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur with Judge G.B. SMITH; Judge ROSENBLATT concurs in a separate opinion in which Judge R.S. SMITH also concurs.

Order affirmed, with costs. Certified question not answered upon the ground that it is unnecessary.