McCooe, J.P.
(dissenting). The trial court, in a well-reasoned, 18-page decision following a six-day trial, reached a decision based upon the facts and the controlling law (9 Misc 3d 469). Its findings of fact and conclusions of law summarizing the decision state in part:
“The court finds that petitioner met its burden of proof to show that respondent did not use the apartment as his primary residence or for actual living purposes during the Golub period. He maintained a homeless lifestyle likely caused, one psychiatrist explained, by substance abuse. Another psychiatrist stated that he is claustrophobic and hates his apartment.
“The court also finds that petitioner need not prove that respondent lived at an alternative address during the Golub period. It is enough that petitioner *68 proved that respondent abandoned the apartment to live on the streets, in the park, on stoops, and at his friends’ homes. The Legislature’s objective of protecting the housing stock will not be advanced by allowing respondent to use the subject apartment as he did only to store his belongings, receive mail, and let his girlfriend shower.
“The court additionally finds that respondent’s mental disabilities do not constitute an excusable reason for his absence from the subject apartment. Respondent failed to show that he will return and use the apartment as a primary residence. Both psychiatrists stated that he will not take medication or undergo treatment that might allow him to return to his apartment permanently. Accordingly, petitioner is granted a final judgment of possession.” (9 Misc 3d at 471.)
“On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses (Nightingale Rest. Corp. v Shak Food Corp., 155 AD2d 297). Here, the evidence supports the trial court’s findings” (Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1st Dept 1990]).
The legal issue is whether the subject premises were the tenant’s primary residence (Glenbriar Co. v Lipsman, 5 NY3d 388, 390 [2005]). “Primary residence is ‘an ongoing, substantial, physical nexus with the [stabilized] premises for actual living purposes’ (Emay Props. Corp. v Norton, 136 Misc 2d 127, 129)” (East End Temple v Silverman, 199 AD2d 94, 94 [1st Dept 1993]).
Contrary to the majority opinion, affirmance would not be a “judicial finding that tenant maintains his primary residence on a park bench” (at 67). The finding is that the subject premises are not the tenant’s primary residence. “The landlord has the burden of showing, by a preponderance of the evidence, that the tenants did not use the apartment as a primary residence” (Glenbriar Co. v Lipsman, 5 NY3d 388, 392 [2005]; see also TOA Constr. Co. v Tsitsires, 2003 NY Slip Op 50651[U] [App *69 Term, 1st Dept 2003, McCooe, J., dissenting], mod 4 AD3d 141 [1st Dept 2004]).
The subject premises are not the tenant’s primary residence because he does not use it for actual living purposes, only storage. His girlfriend uses it to shower and she keeps the only key. He has lived on the street for many years. Based upon his long-term psychiatric history and refusal to take medication, there is no claim or indication that he intends to return to the premises for actual living purposes.
The judgment should be affirmed.
Davis and Gangel-Jacob, JJ., concur; McCooe, J.P., dissents in a separate memorandum.