OPINION OF THE COURT
Per Curiam.
Final judgment, entered September 27, 2006, reversed, with $30 costs, and final judgment awarded to petitioner landlord. Issuance of the warrant of eviction shall be stayed for 30 days from the service of a copy of this order with notice of entry. Appeal from order (same court and Judge), entered July 24, 2006, dismissed, without costs, as academic.
Our authority to review the record developed at a bench trial and render the judgment warranted by the facts is as broad as that of the trial court (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Exercising that authority here, and adopting the trial court’s own fully supported factual finding that tenant did not “spend a great deal of time” at the subject Manhattan apartment, we conclude that tenant’s occupancy of the apartment “did not constitute the type of ‘ongoing, substantial, physical nexus with the [regulated] premises for actual living purposes’ . . . that would justify affording the tenancy continued protection under the rent stabilization laws” (Berwick Land Corp. v Mucelli, 249 AD2d 18, 19 [1998], quoting Emay Props. Corp. v Norton, 136 Misc 2d 127, 129 [1987]). The trial evidence demonstrated that tenant and his wife jointly own residential property in Troy, New York, where, it is undisputed, the wife and the couple’s minor son primarily reside; that tenant uses the Troy address for voter and automobile registration purposes; that tenant’s E-ZPass records, listing the Troy address, reflect substantial up *64 state usage; and that tenant is a member of a health club and regularly uses ATM machines in the Troy area. Also persuasive was landlord’s reliance on Consolidated Edison records and the testimony of a Consolidated Edison representative showing that there was negligible electrical usage in the Manhattan apartment for the two-year period prior to the commencement of this proceeding (see Carmine Ltd. v Gordon, 41 AD3d 196, 199 [2007]), and a court opinion issued during that time frame in a prior nonpayment summary proceeding between the parties, in which the court, upon noting tenant’s unexplained “inaction” in reporting various apartment defects, including the alleged absence of a functioning refrigerator and toilet, expressly “question[ed] . . . how much time [tenant] actually spends” there.
Nor is it seriously disputed that tenant, although listing the Manhattan apartment on his tax returns, obtained a mortgage and qualified for a STAR tax rebate for the Troy property based upon his representations that he primarily resided there. It is also notable that tenant, while claiming that his driver’s license listed the Manhattan apartment, did not produce his license or explain his failure to do so. Granted, it appears that tenant, an attorney, may have maintained some presence in the subject apartment in connection with his legal practice and for use as a pied-á-terre affording him easy access to local sporting and cultural events. On balance, however, tenant did not satisfactorily explain what the trial court accurately described as his failure to “spend a great deal of time” at the apartment or persuasively rebut the landlord’s evidence by demonstrating that he used the apartment for actual living purposes (see Glenbriar Co. v Lipsman, 5 NY3d 388, 392-393 [2005]; Emel Realty Corp. v Carey, 288 AD2d 163 [2001]).
McKeon, EJ. and Schoenfeld, J., concur.