OPINION OF THE COURT
Phyllis K. Saxe, J.
Petitioner GLD Realty Corp. commenced this summary *846 holdover proceeding to recover possession of the rent-stabilized apartment located at 2067 7th Avenue apartment 2C, New York, New York. The apartment is occupied by respondent Robert Williams. Williams has occupied the unit since 1999.
GLD served Williams with a notice to quit the possession of the premises on the grounds that he was not occupying the apartment as his primary residence and/or illegally sublet it. The basis for petitioner not renewing Williams’ lease was that he owned, maintained and lived in a condominium unit. Respondent purchased unit 2T located at 300 West 135th Street, New York, New York 10030 on September 26, 2005. He also maintained a post office box at 2214 Frederick Douglass Boulevard, New York, New York 10026.
Both parties were represented by counsel and had engaged in discovery prior to the trial of this proceeding. Williams was deposed by GLD for over three days.
The trial of this proceeding was conducted on March 11, April 22 and April 29, 2014. The sum and substance of the testimony of the witnesses and evidence is as follows:
Williams moved into the rent-regulated apartment in 1999. Petitioner established that Williams purchased the condominium unit located at 300 West 135th Street New York, New York in 2005.
The condominium unit was purchased through a New York City Department of Housing Preservation and Development (DHPD) low income ownership program. The program gave purchasers subsidies in the form of low interest mortgages.
At trial, Mr. Polo, a Deputy Director of New Construction Projects for DHPD, testified that the deed and mortgage contained a provision that the purchaser was required to occupy the unit as their primary residence for 25 years after the purchase. He stated that DHPD did not take any position in regard to this proceeding. Polo further informed the court that DHPD was not seeking to evict Williams for his failure to primarily reside in the condominium unit or pursue any other legal remedy against him. DHPD had not formed any conclusions as to whether Williams failed to primarily reside in the unit or what actions it intended to pursue for Williams’ failure to comply with the above condition of the purchase of the unit.
A member of the management company for Williams’ condominium unit, Ms. Davy, testified that as far as her client knew, *847 Williams never sublet his unit. However, her testimony was contradicted by the tenant file placed into evidence. The file contained a request by respondent to sublet the unit.
The other witnesses, a neighbor of Williams who is married to a tenant residing at 2067 7th Avenue, New York, New York (but who for litigation purposes maintained that she primarily resided with her grandmother at another apartment) and a member of petitioner testified that they had never met respondent and did not know if he lived there. Several employees of the United States Postal Service testified about mail delivery to the rent-stabilized apartment. Their testimony suggested that Williams had requested that his mail be forwarded to another location.
Respondent testified on his own behalf. He stated that he has primarily resided at his rent-stabilized apartment since he moved there in 1999. Petitioner’s counsel declined to cross-examine him. Both sides then rested.
A landlord may recover possession of a rent-regulated apartment when the tenant fails to use it as his primary residence (9 NYCRR 2524.4 [c]). The landlord must serve, within 150 to 90 days prior to the expiration of the lease term, a notice of intent not to renew the lease (Golub v Frank, 65 NY2d 900 [1985]). At trial, the landlord must show by the preponderance of the evidence that the tenant does not use the apartment as a primary residence (Glenbriar Co. v Lipsman, 5 NY3d 388 [2005]). There is no precise test to define primary residence, but the Rent Stabilization Code suggests the following factors as relevant to a determination of primary residence:
1. specification by an occupant of an address other than such housing accommodation as a place of residence on any tax return, motor vehicle registration, driver’s license or other document filed with a public agency;
2. use by an occupant of an address other than such housing accommodation as a voting address;
3. occupancy of the housing accommodation for an aggregate of less than 183 days in the most recent calendar year, except for temporary periods of relocation pursuant to 9 NYCRR 2523.5 (b) (2); and
4. subletting of the housing accommodation.
The paucity of evidence submitted at trial by petitioner on the issue of respondent’s primary residence renders this court *848 unable to conclude, as a matter of law, that he failed to use the subject premises as his primary residence. There is some evidence suggesting that Williams purchased a condominium unit in 2005 which was secured by a low interest mortgage that required him to use the unit as his primary residence. However, the evidence at trial fell short of petitioner actually proving that respondent moved into that unit on a full-time basis and did not primarily reside in his rent-stabilized apartment.
In this regard, petitioner’s reliance on Katz Park Ave. Corp. v Jagger (11 NY3d 314 [2008]) is misplaced. That case stands for the proposition that a foreign national living in the United States on a B-2 tourist visa (which requires the tourist to have a principal, actual dwelling place outside of the United States) cannot as a matter of law meet the primary residence requirement of New York City’s rent regulations. Thus, in Katz the tenant was bound to the terms of her immigration visa and, as long as she was a tourist in New York City, could not form the requisite intent to primarily reside here.
In this proceeding, the only evidence to support GLD’s contention that Williams no longer resided in the subject premises is a promise he made in connection with a 2005 home loan to live in the condominium unit for 25 years after the purchase of the unit. No other credible evidence was submitted to convince this court that Williams actually moved into the condominium unit, only that he intended to reap the benefits of the DHPD low interest mortgage. It is not for this court to penalize Williams for breaching his mortgage agreement by giving the landlord a judgment of possession without the requisite proof required by law.
On the claim of illegal subletting, petitioner has not provided any proof of such activity and as such this claim is dismissed.
Accordingly, the petition is dismissed with prejudice.