OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
Landlord commenced this holdover proceeding to recover possession of tenant’s rent-stabilized apartment on the ground that tenant did not occupy the apartment as his primary residence as required by Rent Stabilization Code (RSC) (9 NYCRR) § 2524.4 (c). After discovery practice, tenant moved for summary judgment dismissing the petition, and landlord cross-moved for additional discovery. By order dated January 30, 2013, the Civil Court, among other things, denied tenant’s mo *26 tion, finding the existence of triable issues of fact. On March 8, 2013, tenant mailed landlord a notice to admit which sought admissions that (1) the documents annexed to tenant’s summary judgment motion “are genuine,” and (2) that tenant had resided in the apartment for more than 183 days during the last year of his lease. In April 2013, landlord provided tenant with a statement in response to the notice to admit in which landlord averred that it “denies knowledge or information sufficient to form a belief as to the genuineness of the documents,” and objected to tenant’s assertion that he had resided in the apartment for more than 183 days in the last calendar year because it “seeks the admission of contested ultimate issues.” By letter dated April 12, 2013, tenant rejected landlord’s response as untimely. Thereafter, tenant moved for an order seeking, among other things, to deem admitted the assertions made in his notice to admit. By order dated July 23, 2013, the Civil Court (Deighton Waithe, J.) denied this branch of tenant’s motion without prejudice to renew. At the outset of the nonjury trial, tenant orally renewed the aforementioned application, which the Civil Court denied. Following the trial, landlord was awarded a final judgment of possession.
On appeal, tenant contends, among other things, that the Civil Court improperly denied his summary judgment motion since the court had found that he had established that the apartment was his primary residence; that the assertions in the notice to admit should have been deemed admitted and, at trial, landlord should have been precluded from offering any evidence contradicting these admissions; that he established at trial that he maintained a substantial physical nexus to the apartment; that landlord’s witnesses were not credible; and that the Civil Court excluded exhibits of probative value when it denied his attorney’s request to reopen his case.
With respect to tenant’s motion for summary judgment, contrary to tenant’s contention, the Civil Court did not make a final determination that tenant had lived in the apartment for more than 183 days; it merely found that the allegations made, and the documents provided, in support of the motion were sufficient to establish, prima facie, that no material issues of fact exist (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]). The court then determined that landlord’s allegations and documentation in opposition to tenant’s motion rebutted tenant’s prima facie showing by establishing the exis *27 tence of “a material triable issue of fact as to respondent’s intent to use the subject premises as his primary residence notwithstanding the documentation provided” (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Consequently, tenant’s motion for summary judgment was properly denied.
It is well settled that the “purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial” (DeSilva v Rosenberg, 236 AD2d 508, 508 [1997]). A notice to admit seeking admissions going to the heart of the matter is improper (see Williams v City of New York, 125 AD3d 767, 768 [2015]; Priceless Custom Homes, Inc. v O’Neill, 104 AD3d 664, 664-665 [2013]; DeSilva v Rosenberg, 236 AD2d 508 [1997]). In a special proceeding, a statement in response to a notice to admit “shall be served not later than one day before the petition is noticed to be heard” (CPLR 408). Landlord’s statement in response to tenant’s notice to admit was timely since it was served on tenant weeks before the April 27, 2013 hearing date.
The second paragraph of tenant’s notice to admit, which seeks an admission that tenant had lived in the subject apartment for 183 days during the preceding calendar year, is palpably improper inasmuch as it seeks to have landlord admit an ultimate issue regarding tenant’s primary residence (see Williams v City of New York, 125 AD3d at 768; Priceless Custom Homes, Inc. v O’Neill, 104 AD3d at 664-665). Moreover, landlord’s response to the first paragraph of tenant’s notice to admit, which seeks an admission that the photocopies of documents annexed to tenant’s summary judgment motion are genuine, is direct and unequivocal, since the admission sought would not be “peculiarly within the [landlord’s] knowledge” (Barnes v Shul Private Car Serv., 59 Misc 2d 967, 969 [Sup Ct, Kings County 1969]; cf. Patrick M. Connors, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR C3123:5). Consequently, the branch of tenant’s motion seeking an order to deem admitted the assertions made in his notice to admit was properly denied.
The introduction of documents into evidence is a matter within the sound discretion of the trial court (see Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]; Orlando v Rubersi Sales, 255 AD2d 802, 804 [1998]), and the court “may permit or prohibit a party from reopening a case to remedy defects in the *28 proof” (Orlando v Rubersi Sales, 255 AD2d at 804; Noga v Noga, 235 AD2d 1002 [1997]; Benjamin v Desai, 228 AD2d 764 [1996]). We find that the Civil Court did not improvidently exercise its discretion in denying tenant’s request to reopen his case since tenant sought to do so in order to get documents admitted into evidence which the court had previously refused to admit (see Fischer v RWSP Realty, LLC, 63 AD3d 878 [2009] [an untimely motion to reopen, especially when made after a court has already ruled on the relevant issue, should be denied]).
Pursuant to RSC (9 NYCRR) § 2524.4 (c), a tenant must occupy a rent-stabilized apartment as a primary residence. In a nonprimary-residence holdover proceeding, the landlord has the burden of showing, by a preponderance of the evidence, that the tenant did not use the subject premises as a primary residence (see Glenbriar Co. v Lipsman, 5 NY3d 388 [2005]). Pursuant to RSC (9 NYCRR) § 2520.6 (u), the court may consider several factors when determining whether the premises are being occupied as a primary residence, such as whether (1) the tenant used a different address on his tax return, motor vehicle registration or driver’s license, or on a document filed with a public agency; (2) the tenant used the address as his voting address; (3) the tenant lived in the subject apartment for an aggregate of less than 183 days in a calendar year except for periods of temporary relocation as defined in RSC (9 NYCRR) § 2523.5 (b) (2); and (4) the tenant subleased the apartment. “[N]o single factor shall be solely determinative” (Glenbriar Co. v Lipsman, 5 NY3d at 392-393, 393 n; Carmine Ltd. v Gordon, 41 AD3d 196 [2007]). The tenant can rebut the landlord’s prima facie showing by demonstrating an ongoing, substantial physical nexus with the subject premises for purposes of actual living (see Glenbriar Co. v Lipsman, 5 NY3d at 392-393; Draper v Georgia Props., 94 NY2d 809, 811 [1999]; Emel Realty Corp. v Carey, 288 AD2d 163 [2001]).
Each side presented substantial documentary evidence in support of their positions, as well as testimonial evidence. The Civil Court, whose opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), determined that the testimony of landlord’s witnesses was more credible than the testimony of tenant and his witnesses, and that the documentary evidence *29 provided by landlord was more probative than the documentary evidence provided by tenant. Upon a review of the record (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499), we find that the conclusion of the Civil Court — that tenant had failed to rebut landlord’s prima facie showing by demonstrating an ongoing, substantial physical nexus with the apartment for purposes of actual living — was reached based upon a fair interpretation of the evidence. Consequently, we do not disturb the factfinder’s determination (see 409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876-877 [2013]; Claridge Gardens v Menotti, 160 AD2d 544, 545 [1990]).
Accordingly, the final judgment is affirmed.
Pesce, P.J., Weston and Solomon, JJ., concur.