Gweneth Johnson, Respondent, 
against
Asia Smith, Also Known as Aisha Smith, Also Known as Aisa Smith, Appellant.



Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Laurie L. Lau, J.), entered December 8, 2010. The final judgment, after a nonjury trial, awarded landlord possession in a holdover summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
In this nonprimary-residence holdover proceeding to recover possession of a rent-controlled apartment (see NY City Rent and Rehabilitation Law [Administrative Code of City of NY] § 26-403 [e] [2] [i] [10]), landlord asserts that tenant had been primarily residing in South Carolina. Following a nonjury trial, the Civil Court awarded possession to landlord.
The New York City Rent and Rehabilitation Law, governing rent-controlled apartments within New York City, excludes from coverage a housing accommodation which is "not occupied by the tenant . . . as his or her primary residence, as determined by a court of competent jurisdiction" (id.). "Primary residence" has been defined as "an ongoing, substantial, physical nexus with the controlled premises for actual living purposes" (Emay Properties Corp. v Norton, 136 Misc 2d 127, 129 [App Term, 1st Dept 1987]).
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
The evidence presented at the trial supports the trial court's fact-laden decision. Landlord introduced evidence establishing that, over a three-and-a-half year period, tenant was not using the apartment as her primary residence. Tenant admitted that she had purchased property in South Carolina. Tenant's bank statements demonstrated that she had been living in Charleston for a majority of that time, her initial 2008 New York State tax return did not list New York as her place of residence, her car insurance and registration were in South Carolina, her 2007 and [*2]2008 tax returns were prepared in South Carolina, and she had remitted rent to landlord in envelopes postmarked from South Carolina for a number of months, commencing in January 2006. The totality of the evidence adduced at trial showed that tenant was not utilizing the Brooklyn apartment in an "ongoing" and "substantial" manner consistent with physically living at the subject premises.
Accordingly, the final judgment is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: October 21, 2016