Matter of Well Done Realty, LLC v Epps (2019 NY Slip Op 08132)





Matter of Well Done Realty, LLC v Epps


2019 NY Slip Op 08132


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10314 570241/17

[*1] In re Well Done Realty, LLC, Petitioner-Respondent,
v
Benjamin Epps, et al., Respondents-Appellants.


Thomas S. Fleishell & Associates, P.C., New York (Thomas S. Fleishell of counsel), for appellants.
Kossoff, PLLC, New York (Steven Y. Steinhart of counsel), for respondent.



Order, Appellate Term, of the Supreme Court, First Department, entered February 28, 2018, which in this non-primary residence holdover proceeding affirmed the judgment of Civil Court, New York County (Jean T. Schneider, J.), entered February 7, 2017, upon a prior order granting landlord's motion for summary judgment, awarding landlord possession of the subject premises, unanimously affirmed, without costs.
Section 2524.4(c) of the Rent Stabilization Code allows a landlord to refuse to renew a stabilized tenant's lease if the tenant does not occupy the premises as his or her primary residence. The courts have interpreted "primary residence" to mean an "ongoing, substantial, physical nexus with the controlled premises for actual living purposes" (Berwick Land Corp. v Mucelli, 249 AD2d 18, 18 [1st Dept 1998] [internal quotation marks and citations omitted]; East End Temple v Silverman, 199 AD2d 94, 94 [1st Dept 1993]). Based on the tenants' admitted vacatur of the subject premises in 2003, landlord established its prima facie entitlement to summary judgment against them based on their non-primary residence.
Respondent Sue Monroe, who admittedly resided in the apartment with her daughter and her husband since "mid-2001," failed to sustain her burden of proving that she resided with the tenants of record in the apartment as her primary residence for a period of no less than two years prior to respondents Benjamin Epps and Amy Monroe-Epps (tenants) permanently vacating the apartment (see Rent Stabilization Code [9 NYCRR] § 2523.5[b]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533 [1st Dept 2012]; 68—74 Thompson Realty, LLC v McNally, 71 AD3d 411, 412 [1st Dept 2010], lv dismissed 12 NY3d 813 [2009]). Although the apartment was no longer the tenant's primary residence after 2003, the tenants, having continued to pay the rent and execute renewal leases extending through September 2015, cannot be found to have permanently vacated the apartment at any time prior to the expiration of the last lease renewal on September 30, 2015 (see East 96th St. Co., LLC v Santos, 13 Misc 3d 133[A] [App Term, 1st Dept 2006]). Given the tenants' continued involvement with the subject premises, "it does not avail respondents that the predecessor owner may have known of their presence in the apartment or accepted an unspecified number of rent payments on behalf of respondent" (PS 157 Lofts LLC v Austin, 42 Misc 3d 132[A], 2013 NY Slip Op 52241[U] [App Term, 1st Dept 2013], appeal dismissed 25 NY3d 1186 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK