284 Parkway Assoc. v Despinosse (2021 NY Slip Op 51032(U))

[*1]

284 Parkway Assoc. v Despinosse

2021 NY Slip Op 51032(U) [73 Misc 3d 135(A)]

Decided on October 29, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 29, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1384 K C

284 Parkway Associates, Respondent,
against
Nicole Despinosse, Appellant, Jerry Despinosse, Jr., Dominic
Despinosse, John Doe and Jane Doe, Undertenants. 

Brooklyn Legal Services (Logan Schiff of counsel), for appellant.
Claro, PLLC (Joseph M. Claro of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Hanna Cohen, J.), entered July 22, 2019. The final judgment, after a nonjury trial, awarded
landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized
apartment on the ground that tenant did not use the apartment as her primary residence as
required by Rent Stabilization Code (RSC) (9 NYCRR) § 2524.4 (c). After a nonjury trial,
the Civil Court awarded possession to landlord, finding that tenant did not have a substantial
physical nexus to the apartment.
Pursuant to RSC § 2524.4 (c), a tenant must occupy a rent-stabilized apartment as a
primary residence. In a nonprimary-residence holdover proceeding, the landlord has the burden
of showing, by a preponderance of the evidence, that the tenant did not use the premises as a
primary residence (see Glenbriar Co. v
Lipsman, 5 NY3d 388 [2005]). "Primary residence," although left undefined by the
RSC, has been judicially construed as " 'an ongoing, substantial, physical nexus with the . . .
premises for actual living purposes' " (Katz Park Ave. Corp. v Jagger, 11 NY3d 314, 317 [2008], quoting
Emay Props. Corp. v Norton, 136 Misc 2d 127, 129 [App Term, 1st Dept 1987]; see also 68-74 Thompson Realty, LLC v
McNally, 71 AD3d 411, 412 [2010]). A tenant can rebut a landlord's prima facie
showing by demonstrating an ongoing, substantial physical nexus with the premises for purposes
of actual living (see Glenbriar Co. v Lipsman, 5 NY3d at 392-393; Draper v Georgia
Props., 94 NY2d 809, 811 [1999]; Emel Realty [*2]Corp.
v Carey, 288 AD2d 163 [2001]).
Here, each side presented substantial testimonial evidence in support of their positions, as
well as some documentary evidence. The Civil Court determined that the testimony of landlord's
witnesses was more credible than the testimony of tenant and her witnesses. The Civil Court
concluded that tenant had failed to rebut landlord's prima facie showing that tenant did not use
the subject premises as a primary residence. Upon review (see Northern Westchester
Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), we find that the
conclusions of the court are supported by the record. Consequently, we do not disturb the court's
factual findings (see Hyatt Ave. Assoc.,
LLC v Rahman, 49 Misc 3d 24, 28-29 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2015]; Kalikow Family
Partnership, LP v Seidemann, 48 Misc 3d 134[A], 2015 NY Slip Op 51080[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 29, 2021