700 Bklyn Realty, LLC v Forsythe (2022 NY Slip Op 50155(U))

[*1]

700 Bklyn Realty, LLC v Forsythe

2022 NY Slip Op 50155(U) [74 Misc 3d 132(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through March 3, 2022; it will
not be published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-25 K C

700 Bklyn Realty, LLC, 700 Bklyn 12
Realty, LLC, Oceanwalk Beach Bklyn Realty, LLC, Oceanwalk Condo Bklyn Realty, LLC, 780
Bklyn Realty, LLC, Minnetonka III Bklyn Realty, LLC and Minnetonka V Bklyn Realty, LLC, as
Tenants-In-Common, Appellants,
against
Theodora Forsythe, Respondent, and Wayne Woods, "John Doe" and
"Jane Doe," Undertenants. 

Kaufman, Friedman, Plotnicki & Grun, LLP (Howard Grun of counsel), for appellants.
The Law Office of Ellery Ireland (Ellery Ireland of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Jeannine
B. Kuzniewski, J.), dated June 15, 2020, deemed from a final judgment of that court entered July
22, 2021 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury trial,
dismissed the petition in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
Landlords commenced this holdover proceeding to recover possession of a rent-stabilized
apartment on the ground that Theodora Forsythe (tenant) did not occupy the apartment as her
primary residence as required by Rent Stabilization Code (9 NYCRR) § 2524.4 (c). After a
nonjury trial, the Civil Court held, in a decision dated June 15, 2020 that was based, in part, on
credibility determinations, that landlords failed to sustain their initial burden of proving that
tenant did not occupy the subject apartment as her primary residence during the relevant period,
and, thus, dismissed the petition. A final judgment was thereafter entered pursuant to the
decision.
In a nonprimary-residence holdover proceeding, the landlord has the burden of showing, by a
preponderance of the evidence, that the tenant did not use the subject premises as a primary
residence (see Glenbriar Co. v Lipsman, 5 NY3d 388, 392 [2005]). The court may
consider several factors when determining whether the premises is being occupied as a primary
residence, and "no single factor shall be solely determinative" (Rent Stabilization Code [9
NYCRR] § [*2]2520.6 [u]; see Glenbriar Co., 5
NY3d at 392-393; Carmine Ltd. v
Gordon, 41 AD3d 196 [2007]).
In reviewing a determination made after a nonjury trial, this court gives substantial deference
to the determination of a trier of fact as to issues of credibility, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Northern Westchester Professional Park Assoc. v
Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824,
826 [2008]). Upon a review of the record, we find that the Civil Court was entitled to conclude,
based on its credibility determination of landlords' witnesses, that landlords failed to establish,
prima facie, that tenant did not occupy the subject apartment as her primary residence during the
relevant period.
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022