111-39 76th Rd., LLC v Rothman (2022 NY Slip Op 50771(U))

[*1]

111-39 76th Rd., LLC v Rothman

2022 NY Slip Op 50771(U) [76 Misc 3d 126(A)]

Decided on July 15, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 15, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-771 Q C

111-39 76th Road, LLC, Appellant,
against
Anne Rothman, Steven Pastor and "John Doe," Respondents.

Rose & Rose (Phillip L. Wartell of counsel), for appellant.
Anne Rothman, Steven Pastor and "John Doe", respondents pro se (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Queens County (Malaika
Scott-McLaughlin-Bland, J.), dated April 30, 2020, deemed from a final judgment of that court
entered May 5, 2021 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury
trial, dismissed the petition in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized
apartment located in Forest Hills, Queens, upon the ground that tenant did not use the apartment
as her primary residence as required by Rent Stabilization Code (RSC) (9 NYCRR) §
2524.4 (c), and instead lived primarily in a house located in Cambria Heights, Queens. After a
nonjury trial, the Civil Court held that landlord failed to prove, by a preponderance of the
evidence, that tenant did not occupy the subject apartment as her primary residence during the
relevant period. A final judgment dismissing the petition was entered on May 5, 2021. 
In a nonprimary-residence holdover proceeding, the landlord has the burden of showing, by a
preponderance of the evidence, that the tenant did not use the subject premises as a primary
residence (see Glenbriar Co. v Lipsman, 5 NY3d 388, 392 [2005]). The court may
consider several factors when determining whether the premises is being occupied as a primary
residence, [*2]and "no single factor shall be solely determinative"
(RSC § 2520.6 [u]; see Glenbriar Co. v Lipsman, 5 NY3d at 392-393; Carmine Ltd. v Gordon, 41 AD3d
196 [2007]).
In reviewing a determination made after a nonjury trial, this court gives substantial deference
to the determination of a trier of fact as to issues of credibility, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Northern Westchester Professional Park Assoc. v
Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824,
826 [2008]). Upon a review of the record, we find no basis to disturb the Civil Court's conclusion
that landlord did not prove, by a preponderance of the evidence, that tenant did not occupy the
subject apartment as her primary residence during the relevant period.
Accordingly, the final judgment is affirmed. 
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 15, 2022