SJS Thompson, LLC v Singer (2023 NY Slip Op 50047(U))

[*1]

SJS Thompson, LLC v Singer

2023 NY Slip Op 50047(U) [77 Misc 3d 136(A)]

Decided on January 20, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 20, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Michael, JJ.

570474/22

SJS Thompson, LLC,
Petitioner-Landlord-Respondent,
against
Rochelle M. Singer, Respondent-Tenant-Appellant, and
"John Doe" and/or "Jane Doe," Respondents-Undertenants.

Tenant appeals from a "decision and order" of the Civil Court of the City of New
York, New York County (Anne Katz, J.), dated January 20, 2022, after a nonjury trial,
and from a final judgment (same court and Judge), entered February 18, 2022, awarding
possession to landlord in a holdover summary proceeding.

Per Curiam.
Final judgment (Anne Katz, J.), entered February 18, 2022, affirmed, with $25 costs.
Appeal from "decision and order" (same court and Judge) dated January 20, 2022,
dismissed, without costs, as subsumed in the appeal from the final judgment.
The record shows that landlord met its burden of establishing by a preponderance of
the evidence that tenant did not occupy the subject Manhattan apartment as her primary
residence (see Glenbriar Co. v Lipsman, 5 NY3d 388, 392 [2005]), and there
exists no basis to disturb the trial court's findings, which are based in large measure on
the court's negative assessment of tenant's credibility (see Claridge Gardens v
Menotti, 160 AD2d 544, 545 [1990]). Among the factors the court relied upon in its
detailed decision were tenant's co-ownership of a house in Connecticut where her
husband resided, extensive periods of time spent overseas, and the minimal electricity
usage in the subject premises (see 92 Cooper Assoc., LLC v Roughton-Hester, 165 AD3d
416 [2018]; Carmine Ltd. v
Gordon, 41 AD3d 196, 199 [2007]; Briar Hill Apts. Co. v Teperman,
165 AD2d 519, 521 [1991]).
Tenant's attempt to show that her absence from the premises was excusable merely
raised questions of fact and credibility (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 22 [2009]),
which the court clearly resolved against tenant. As the trial court aptly noted, tenant's
claim that her absence from the premises was due to business travel was inconsistent
with her claim that she is retired, not supported by her tax returns, which showed "zero
dollars in wages and salaries" for [*2]the relevant period,
and not supported by "one iota of evidence." Likewise, the court found that "there was no
documentary evidence supporting [tenant's] claim of health issues or that she needed to
be absent from the premises for medical treatment." 
We have examined tenant's remaining contentions and find them to be
unpersuasive.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 20, 2023