*15 OPINION OF THE COURT
Per Curiam.
Final judgment, entered December 1, 2005, reversed, with $30 costs, and final judgment awarded to respondent Harry Mc-Nally dismissing the holdover petition.
The evidence presented at the trial of this holdover summary proceeding showed, and the trial court expressly found, that respondent Harry McNally, the son of the now departed stabilized tenant, “spent at least four or five nights a week and often more” in the apartment with his father from 1993 until 2002, when tenant vacated, and that Harry, then 17 years old, continued to live in the apartment by himself after his father’s vacatur, with the exception of a short stint in college from August 2003 to the spring of 2005. These factual findings, fully supported by the record, compel the conclusion that Harry primarily resided in the apartment for the requisite two-year period prior to his father’s vacatur, thus entitling Harry to succeed to his father’s tenancy (see Rent Stabilization Code [9 NYCRR] 2523.5 [b] [1]; Hughes v Lenox Hill Hosp., 226 AD2d 4, 11 [1996], Iv dismissed 90 NY2d 829 [1997]).
Given the court’s own findings concerning Harry’s actual use of the apartment premises, the fact that the 1994 separation agreement between tenant and Harry’s mother provided that Harry and his siblings “shall make their primary residence” with their mother does not negate the persuasive succession claim here established, especially considering that the separation agreement awarded both parents joint custody of the children (cf. Quiala v Laufer, 180 AD2d 31 [1992], lv dismissed 80 NY2d 924 [1992]).
McKeon, EJ., Davis and Heitler, JJ., concur.