*53 OPINION OF THE COURT
Memorandum.
Final judgment, entered August 21, 2007, reversed, with $30 costs, and final judgment awarded to tenant dismissing the holdover petition.
Landlord seeks possession of the elderly, long-term tenant’s stabilized apartment on the ground of nonprimary residence, based on allegations, as set forth in the notice of nonrenewal, that the tenant was not living in the apartment from the summer of 2003 through the end of 2004. Although tenant acknowledged spending considerable time in Greece caring for her bedridden (now deceased) mother in 2003 and 2004, this circumstance in and of itself does not mandate a finding of non-primary residence (see Lance Realty Co. v Fefferma, 5 Misc 3d 134[A], 2004 NY Slip Op 51479[U] [2004]; Nussbaum Resources I, LLC v Gilmartin, 2003 NY Slip Op 50553[U] [2003]; Kalimian v Holmberg, 2001 NY Slip Op 40297[U] [2001]). The trial evidence established that while tenant temporarily relocated to care for her mother, she maintained an ongoing physical nexus to the subject apartment, returning for brief intervals, keeping her furniture and personal belongings in the apartment, and receiving mail there, including Social Security checks and financial statements. To the extent that evidence concerning tenant’s whereabouts during the period subsequent to service of the notice of termination was properly considered (cf. Ascot Realty LLC v Richstone, 10 AD3d 513 [2004], lv dismissed 4 NY3d 842 [2005]), tenant plausibly explained that her continued stay in Greece was attributable largely to her brother’s subsequent illness and her own unfortunate accident, which undisputedly resulted in multiple fractures preventing her from walking. Considering the entire history of this 30-year tenancy (see 615 Co. v Mikeska, 75 NY2d 987 [1990]) and exercising our authority to review the record developed at the nonjury trial (see Northern Westchester Professional Park Assoc, v Town of Bedford, 60 NY2d 492, 499 [1983]), we conclude that tenant had a sufficient nexus to the apartment and did not abandon it as her primary residence. Thus, we reverse the possessory judgment awarded to landlord and dismiss the eviction proceeding.