■ 68-74 Thompson Realty, LLC, Appellant, v Keith McNally et al., Respondents. [896 NYS2d 323]—

Order, Appellate Term of the Supreme Court in the First Judicial Department, entered May 14, 2008, which reversed a judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered December 1, 2005, after a nonjury trial, awarding possession to petitioner landlord, and awarded judgment to respondent Harry McNally dismissing the proceeding, unanimously reversed, on the law, without costs, and judgment of possession to petitioner reinstated.

Petitioner commenced this summary holdover proceeding for possession of a rent-stabilized apartment in Manhattan's West Village on the ground of nonprimary residence. Harry McNally claims succession rights to the subject apartment, which his father, Keith McNally, the tenant of record since 1993, vacated in 2002. The father moved to a West Village town house he had purchased two years earlier. Harry's parents were divorced in 1994. At the time of his father's move to the town house, Harry was a 17-year-old minor, and his mother resided in her own apartment, also in the West Village.

The burden of presenting legally sufficient proof to establish primary residency rests with the party claiming succession rights (see *Gottlieb v Licursi*, 191 AD2d 256 [1993]). "Primary residence" is judicially construed as "an ongoing, substantial, physical nexus with the . . . premises for actual living purposes" (*Katz Park Ave. Corp. v Jagger*, 11 NY3d 314, 317 [2008], quoting *Emay Props. Corp. v Norton*, 136 Misc 2d 127, 129 [App Term 1987]). Upon our review of the documentary and other evidence, we find, contrary to the view of the Appellate Term, that Harry failed to meet his burden of proof that his father's former residence was his primary residence at all relevant times. Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ. **[Prior Case History: 20 Misc 3d 14.]**