Cadillac Leasing, LP, Landlord-Appellant,
against
Keri Kiely Also Known as KERI SMERECHNIAK, Tenant-Respondent, "JOHN DOE," Undertenant, and KELLY KIELY, Undertenant-Respondent.



Appeal from a final judgment of the Civil Court of the City of New York, Queens County (Deighton S. Waithe, J.), entered March 20, 2013. The final judgment, after a nonjury trial, dismissed the petition in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment awarding possession to landlord.
Landlord commenced this holdover summary proceeding to recover possession of a rent-stabilized apartment on the ground that tenant was not using the apartment as her primary residence. Occupant, Kelly Kiely, tenant's sister, appeared and asserted her right to succeed to the tenancy (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]). After a nonjury trial, the Civil Court dismissed the petition, concluding that occupant had demonstrated that she was entitled to succession rights.
It was occupant's burden to prove that she had resided with tenant in the subject apartment as her primary residence for a period of no less than two years prior to the time that her sister permanently vacated the apartment (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b]; 68-74 Thompson Realty, LLC v McNally, 71 AD3d 411 [2010]). While tenant testified that she had moved out of the subject apartment in 1995, when she got married, occupant testified that she had signed tenant's name on renewal leases through May 2012. Under these circumstances, since tenant did not surrender the apartment in the years between 1995 and 2012, she cannot be deemed to have permanently vacated, and occupant cannot be heard to claim that tenant had permanently vacated, the apartment prior to May 2012 (see Extell Belnord LLC v Eldridge, 42 Misc 3d 143[A], 2014 NY Slip Op 50258[U] [App Term, 1st Dept 2014]; South Pierre Associates v Mankowitz, 17 Misc 3d 53 [2007]; cf. Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532 [2012]). As the evidence clearly demonstrates that tenant did not live in the subject apartment for the two years prior to the expiration of the most recent renewal lease, occupant cannot show that she co-occupied the apartment with tenant during that time (see Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532; Jols Realty Corp. v Nunez, 43 Misc 3d 129[A], 2014 NY Slip Op 50529[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Consequently, occupant failed to establish her succession rights to the apartment.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment awarding possession to landlord. 
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: March 18, 2016