Boulder Apartments, LLC, Appellant,
against
Ana Raymond, Also Known as Anna Raymond, et al., Respondents.




Smith, Buss & Jacobs, LLP (Emanuela Lupu of counsel), for appellant.
Notice Law, PLLC (James U. Notice of counsel), for respondents.

Appeal from an order of the City Court of Yonkers, Westchester County (Thomas R. Daly, J.), entered October 21, 2016. The order denied landlord's motion for summary judgment in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs. 
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized apartment on the ground that tenant did not use the apartment as her primary residence as required by Emergency Tenant Protection Regulations (9 NYCRR) § 2504.4 (d). Tenant answered, alleging, among other things, that she occupied the apartment as her primary residence and had resided outside of the apartment only to care for her ailing mother. After some discovery, landlord moved for summary judgment. The City Court denied landlord's motion, finding that landlord had failed to establish, prima facie, its entitlement to judgment as a matter of law and that triable issues of fact existed as to whether the subject apartment was used as tenant's primary residence. Landlord appeals, and we now affirm. 
Emergency Tenant Protection Regulations (9 NYCRR) § 2504.4 (d) allows a landlord to refuse to renew a rent-stabilized tenant's lease and recover possession of the premises if it "is not occupied by the tenant . . . as his or her primary residence." "Primary residence," although left undefined by the Regulations, has been judicially construed as " 'an ongoing, substantial, physical nexus with the . . . premises for actual living purposes' " (Katz Park Ave. Corp. v Jagger, 11 NY3d 314, 317 [2008], quoting Emay Props. Corp. v Norton, 136 Misc 2d 127, 129 [App Term, 1st Dept 1987]; accord 68-74 Thompson Realty, LLC v McNally, 71 AD3d 411, 412 [2010]). The Regulations do, however, provide a non-exhaustive list of evidentiary factors to be considered in determining whether a housing accommodation is occupied as a primary residence, including: (1) the place of residence listed by the tenant on any tax return, motor vehicle registration, driver's license or other document filed with a public agency; (2) the address the [*2]tenant uses for voter registration; (3) the amount of time the tenant occupies the housing accommodation, specifically, if the tenant occupies the premises for an aggregate of less than 183 days in the most recent calendar year; and (4) any subletting of the housing accommodation (see 9 NYCRR 2500.2 [r]). The Regulations expressly provide that "no single factor shall be solely determinative" (9 NYCRR 2500.2 [r]). With respect to the factor of 183-day occupancy, the Regulations create an exception for "temporary periods of relocation" (9 NYCRR 2500.2 [r] [3]) due to certain conditions, such as active military duty, full time studies, employment and hospitalization, as well as "other reasonable grounds" (9 NYCRR 2503.5 [d] [2]). Notably, courts have determined that a temporary relocation to provide care to others could constitute a reasonable ground for residing outside of a rent-stabilized housing accommodation, thereby precluding a finding that the housing accommodation has been abandoned by the tenant as his or her primary residence (see Second 82nd Corp. v Veiders, 146 AD3d 696, 696-697 [2017]; 542 E. 14th St. LLC v Lee, 66 AD3d 18, 21-24 [2009]; King Enters., Ltd. v Glazer, 27 Misc 3d 127[A], 2010 NY Slip Op 50560[U] [App Term, 1st Dept 2010]; Hudsoncliff Bldg. Co. v Houpouridou, 22 Misc 3d 52, 53 [App Term, 1st Dept 2008]). 
As the proponent of the summary judgment motion, landlord had the initial burden of demonstrating, as a matter of law, that tenant did not use the apartment as her primary residence (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]; Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 947 [2016]). If landlord failed to meet this burden, "summary judgment must be denied regardless of the sufficiency of the opposing papers[; i]n other words, the burden does not shift to the nonmoving party to persuade the court against summary judgment" (Voss v Netherlands Ins. Co., 22 NY3d at 734 [internal quotation marks and citations omitted]).
Here, the evidence landlord submitted in support of the motion was insufficient to establish its prima facie entitlement to judgment as a matter of law. The evidence failed to eliminate all triable issues of fact as to whether tenant's absence from the apartment fell under the exception to the 183-day occupancy requirement, i.e., whether tenant's absence was excusable. In this regard, tenant acknowledged at her deposition, the transcript of which was submitted by landlord in support of its motion, that she was absent from her rent-stabilized apartment for more than 183 days per year during the period from 2006 to August 2015, but testified that she was residing at her mother's apartment to provide medical care to her mother on a daily basis. Tenant explained that her mother, who was a widow, had been "very sick" and bedridden for more than 10 years. While acknowledging that her mother had personal care aides, tenant explained that the aides had limited duties and only worked 11 hours per day, and, further, that her presence was necessary to care for her mother because she had to administer medications to her mother, prepare meals, assist her mother with getting on and off the bed, and turn her mother's body every two hours when the aides were absent. Although it is undisputed that tenant's apartment was less than half an hour away from her mother's by car and that tenant owned a vehicle during the relevant period, contrary to landlord's contention, it cannot be said, as a matter of law, that tenant's absence was not excusable. 
Moreover, the fact that tenant occupied the premises for an aggregate of less than 183 days in the most recent calendar year is merely one of many factors to be considered in determining primary residence and is not dispositive as a matter of law (see 9 NYCRR 2500.2 [r]; 47 HK Realty, LLC v O'Leary, 55 Misc 3d 129[A], 2017 NY Slip Op 50384[U] [App Term, [*3]1st Dept 2017]; compare Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453, 454 [2015]). Several other factors for determining primary residence weigh in favor of tenant. To this end, landlord's proof established that tenant used the address of her apartment for, among other things, filing tax returns, receiving social security benefits and receiving mail, and never listed her mother's apartment as her address on any documents (see Second 82nd Corp. v Veiders, 146 AD3d at 696; 710 Madison Ave. LLC v Hicks, 56 Misc 3d 131[A], 2017 NY Slip Op 50873[U] [App Term, 1st Dept 2017]; Hudsoncliff Bldg. Co. v Houpouridou, 22 Misc 3d at 53). Tenant never sublet her apartment, she returned to the apartment periodically, kept her furniture and personal belongings there (see Second 82nd Corp. v Veiders, 146 AD3d at 696; 710 Madison Ave. LLC v Hicks, 56 Misc 3d 131[A], 2017 NY Slip Op 50873[U]; King Enters., Ltd. v Glazer, 27 Misc 3d 127[A], 2010 NY Slip Op 50560[U]; Hudsoncliff Bldg. Co. v Houpouridou, 22 Misc 3d at 53), and had expressed an intent to resume living in her apartment on a full-time basis (see Prominent Assets LLC v Little, 20 Misc 3d 140[A], 2008 NY Slip Op 51582[U] [App Term, 1st Dept 2008]). 
As landlord failed to meet its initial burden, the City Court properly denied its motion for summary judgment, regardless of the sufficiency of tenant's opposition papers (see Voss v Netherlands Ins. Co., 22 NY3d at 734). Accordingly, the order is affirmed.
BRANDS, J.P., MARANO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 03, 2018