Sonora Associates LLC, Petitioner-Respondent,
against
Efrain Valencia, Respondent-Tenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Appellants.




Tenant and respondent Jaime Valencia appeal from an order of the Civil Court of the City of New York, New York County (Clifton A. Nembhard, J.), dated March 29, 2019, which granted landlord's motion for summary judgment of possession and denied their cross motion for summary judgment in a holdover summary proceeding.




Per Curiam.
Order (Clifton A. Nembhard, J.), dated March 29, 2019, affirmed, with $10 costs.
Respondent Jamie Valencia failed to raise any triable issue of fact with respect to his proffered succession defense. It is undisputed that the record tenant Efrain Valencia, respondent's father, "moved out" of the subject rent stabilized apartment and began residing elsewhere in 1983, when Jamie was a child. However, despite residing elsewhere, tenant continued to execute renewal leases for the apartment through August 2018, never notified landlord of his departure and rent was paid with money orders in tenant's name. Thus, although the apartment was no longer tenant's primary residence after 1983, he cannot be found to have "permanently vacated" the apartment prior to the expiration of the last lease renewal on August 31, 2018 (see Matter of Well Done Realty, LLC v Epps, 177 AD3d 427 [2019]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533 [2012]). In the absence of any evidence tending to show that respondent "resided with" the tenant in the subject apartment during the two-year period immediately preceding the tenant's permanent vacatur (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]), respondent's succession claim must fail (see Matter of Well Done Realty, LLC v Epps, 177 AD3d at 428; Third Lenox Terrace Assoc. v Edwards, 91 AD3d at 533; 68-74 Thompson Realty, LLC v McNally, 71 AD3d 411, 412 [2010]).
Contrary to tenant's contention, landlord was not required to show that respondents had the intent to deceive landlord. In any event, we note that the record sufficiently establishes that tenant engaged in a course of conduct to conceal respondents' occupancy status from landlord for more than a quarter century.
Nor did respondent have a right to succeed to the apartment through his mother, since she was not the record tenant, never sought to be added to the lease as the spouse of tenant (see Rent Stabilization Code § 2522.5[g]), and never sought succession rights after tenant moved out (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 33 [1998] [succession rights are not automatically vested in a potential successor upon the departure of a stabilized tenant, but remain inchoate until the occupant's "status as a qualified successor [is] ratified by judicial determination"]). In any event, it is undisputed that respondent's mother moved out of the apartment in 2009, prior to the permanent vacatur of tenant.
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2020