West 48th Holdings LLC, Petitioner-Landlord-Respondent, 
against
Alejandro Herrera, Respondent-Tenant, and Margarita Herrera, Respondent-Appellant, and Sonia Herrera, "John Doe" and "Jane Doe," Respondents.




Respondent Margarita Herrera appeals from an order of the Civil Court of the City of New York, New York County (Clifton A. Nembhard, J.), dated May 17, 2019, which granted landlord's motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam.
Appeal from order (Clifton A. Nembhard, J.), dated May 17, 2019, deemed an appeal from the ensuing final judgment (same court and Judge), entered May 29, 2019, and so considered (see CPLR 5520[c]), final judgment affirmed, without costs.
Respondent Margarita Herrera failed to raise any triable issue of fact with respect to her proffered succession defense. The undisputed record evidence established that the defaulting record tenant Alejandro Herrera, respondent's purported father, left the subject rent stabilized apartment and began residing elsewhere in 2004, without notifying landlord of the change in circumstances. Upon tenant's departure, respondent admittedly forged tenant's signature on renewal leases extending through December 2017, never notified landlord that the record tenant had left and rent was paid in tenant's name. Thus, although the apartment was no longer tenant's primary residence after 2004, he cannot be found to have "permanently vacated" the apartment prior to the expiration of the last lease renewal on December 31, 2017 (see Matter of Well Done Realty, LLC v Epps, 177 AD3d 427 [2019]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533 [2012]). In the absence of any evidence tending to show that respondent "resided with" [*2]the tenant in the subject apartment during the two-year period immediately preceding the tenant's permanent vacatur (see Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]), respondent's succession claim must fail (see Matter of Well Done Realty, LLC v Epps, 177 AD3d at 428; Third Lenox Terrace Assoc. v Edwards, 91 AD3d at 533; 68-74 Thompson Realty, LLC v McNally, 71 AD3d 411, 412 [2010]).
We acknowledge that there is a split in authority between the Appellate Divisions of the First and Second Department regarding when the "permanent vacating of the housing accommodation by the tenant" occurs (Rent Stabilization Code [9 NYCRR] § 2523.5[b][1]; compare Matter of Well Done Realty, LLC v Epps, 177 AD3d at 428 and Third Lenox Terrace Assoc. v Edwards, 91 AD3d at 533 with Matter of Jourdain v New York State Div. of Hous. & Community Renewal, 159 AD3d 41 [2018], lv dismissed 34 NY3d 1009 [2019]). Clearly, we are bound by the law as promulgated in the Appellate Division, First Department, until the Court of Appeals makes a dispositive ruling on the issue (see D'Alessandro v Carro, 123 AD3d 1, 4 [2014]).
Alternatively, we note that respondent failed to submit admissible evidence establishing that she is in fact the daughter of the tenant (see Gonzalez v Abreu, 162 AD3d 748 [2018]; CBU Assoc., Inc. v Forray, 65 Misc 3d 132[A], 2019 NY Slip Op 51580[U] [App Term, 1st Dept 2019]). The birth certificate submitted by respondent, issued in Mexico, was not translated (see CPLR 2101[b]) and appears to identify an individual other than tenant as her father, and a year of birth at odds with statements in respondent's affidavit.
Moreover, respondent's acknowledgment that she forged tenant's name on the aforementioned renewal leases for more than a decade after he began living elsewhere provides an independent basis for rejection of her succession defense (see Extell Belnord LLC v Eldridge, 42 Misc 3d 143[A], 2014 NY Slip Op 50258[U][App Term, 1st Dept 2014]; South Pierre Assoc. v Mankowitz, 17 Misc 3d 53 [App Term, 1st Dept 2007]). 
We have examined respondent's remaining contentions and find them lacking in merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2020