State Farm Mut. Auto. Ins. Co. v Hereford Ins. Co. (2020 NY Slip Op
51304(U))

[*1]

State Farm Mut. Auto. Ins. Co. v Hereford Ins. Co.

2020 NY Slip Op 51304(U) [69 Misc 3d 137(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-1134 Q C

State Farm Mutual Automobile Insurance
Company, as Subrogee of Mercedes McDonald, Appellant, 
against
Hereford Insurance Company, Respondent.

Serpe, Andree & Kaufman (Jonathan H. Kaufman of counsel), for appellant.
D'Ambrosio & D'Ambrosio, P.C. (James J. D'Ambrosio of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Phillip
Hom, J.), entered February 15, 2019. The order denied a petition, brought pursuant to CPLR
7510, to vacate an arbitration award and granted a cross petition to confirm the arbitration
award.

ORDERED that the order is affirmed, with $25 costs.
Petitioner, State Farm Mutual Automobile Insurance Company, commenced this proceeding,
pursuant to CPLR 7510, to vacate an arbitration award in favor of respondent, Hereford
Insurance Company, dismissing petitioner's claim for intercompany reimbursement of no-fault
benefits that petitioner had paid to its insured as a result of a motor vehicle accident. Respondent
filed a cross petition to confirm the award. 
Petitioner's exhibits, attached to its papers in support of its petition, included a police report,
which set forth the license number for each driver, the plate number and the state of registration
for each vehicle, and the name of the driver of the second vehicle, Hector Moran. After paying
no-fault benefits for claims ranging from December 19, 2012 through July 2015, petitioner
commenced an action against Moran on December 22, 2015 seeking reimbursement of [*2]the no-fault benefits it had paid and asserted therein that Moran was
uninsured. Moran defaulted. On November 28, 2017, Moran moved to vacate the default,
asserting that he had insurance coverage. On January 19, 2018, respondent sent petitioner an
email admitting that it had insurance coverage for Moran for the date of loss and requesting that
petitioner withdraw its lawsuit against Moran. On January 21, 2018, petitioner filed an
intercompany reimbursement notification and, on February 6, 2018, it commenced mandatory
arbitration against respondent and discontinued its action against Moran.
Following an arbitration hearing on April 5, 2018, the arbitration panel ruled in favor of
respondent, on the ground that most of petitioner's claims were untimely. The arbitration panel
denied the claim for services rendered in July 2015 on the ground that petitioner had failed to
properly document that payment. Petitioner appeals from a Civil Court order entered February
15, 2019 denying petitioner's petition to vacate the arbitration award and granting respondent's
cross petition to confirm the arbitration award, arguing that the statute of limitations was tolled
but conceding that the dismissal of the July 2015 claim by the arbitration panel was proper.
"While judicial review of arbitration awards is limited to the grounds set forth in CPLR
7511, an award that is the product of compulsory arbitration, such as the one at issue in this case,
must satisfy an additional layer of judicial scrutiny—it must have evidentiary support and
cannot be arbitrary and capricious" (Matter of Liberty Mut. Fire Ins. Co. v Global Liberty Ins.
Co. of NY, 144 AD3d 1160, 1160-1161 [2016] [internal quotation marks omitted]; see
Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214
[1996]; Matter of Allstate Ins. Co. v Travelers Cos., Inc., 159 AD3d 982 [2018]).
"Moreover, with respect to determinations of law, the applicable standard in mandatory no-fault
arbitrations is whether 'any reasonable hypothesis can be found to support the questioned
interpretation' " (Matter of Fiduciary Ins. Co. v American Bankers Ins. Co. of Florida,
132 AD3d 40, 46 [2015], quoting Matter of Shand [Aetna Ins. Co.], 74 AD2d 442, 454
[1980]).
Petitioner's papers in support of its petition to vacate the arbitration award show that
petitioner had in its possession a document dated December 3, 2015 titled "Registration Record
Expansion," a printout containing, among other things, Moran's insurance policy number. The
arbitrators could have formed a "reasonable hypothesis" (Matter of Fiduciary Ins. Co. v
American Bankers Ins. Co. of Florida, 132 AD3d at 46) that this document indicates that,
prior to filing its action against Moran, petitioner knew, or should have known, that Moran was
insured.
Petitioner contends that, by filing its action against Moran, the three-year statute of
limitations (see Matter of Motor Veh. Acc. Indem. Corp., 89 NY2d 214) on its claims
against respondent were tolled, even though respondent had not been served or named in that
action. Matter of Brua Cab Corp. v Royal Indem. Co. (275 AD2d 778 [2000]) and
Matter of Brinks, Inc. v Commercial Union Ins. Co. (217 AD2d 620 [1995]), cited by
petitioner, are inapplicable, as the subsequent arbitration cannot be related back to an action filed
against a different party.
The arbitrators' determination that petitioner was not entitled to reimbursement for the
benefits it had paid was not arbitrary or capricious. There is ample support in the record for the
arbitrators' finding that the statute of limitations had expired prior to petitioner's commencement
of its arbitration against respondent. "[E]ven assuming that the arbitrator might have misapplied
applicable law . . . the arbitrator[s'] award was . . . supported by a 'reasonable hypothesis' and was
not contrary to what could fairly be described as settled law" (Matter of State Farm Mut.
Auto. Ins. Co. v Lumbermens Mut. Cas. Co., 18 AD3d 762, 763 [2005], quoting Matter
of Motor Veh. Acc. Indem. Corp., 89 NY2d at 224). 
Accordingly, the order is affirmed.
We note that a proceeding to vacate or confirm an arbitration award is a special proceeding
brought pursuant to CPLR article 4, and must terminate in a judgment rather than an order
(see CPLR 411). 
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020