9 Richardson St., LLC v Deleon (2020 NY Slip Op 51298(U))

[*1]

9 Richardson St., LLC v Deleon

2020 NY Slip Op 51298(U) [69 Misc 3d 137(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-715 K C

9 Richardson St., LLC, Appellant, 
against
Carmen Deleon, Also Known as Carmen Magbata, Respondent, et al.,
Undertenants. 

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. (Paul N. Gruber of counsel), for
appellant.
Davis, Ndanusa, Ikhlas & Saleem (Mustapha Ndanusa of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Eleanora Ofshtein, J.), entered November 1, 2018. The final judgment, after a nonjury trial,
dismissed the petition in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this holdover proceeding to recover possession of a rent-stabilized
apartment on the ground that tenant did not use the apartment as her primary residence as
required by Rent Stabilization Code (RSC) (9 NYCRR) § 2524.4 (c), which tenant disputed
in her answer. After a nonjury trial at which it was demonstrated that tenant often slept at her
75-year-old companion's apartment, the Civil Court dismissed the petition, stating that tenant and
her companion "are at an age where they have chosen to live separate lives, not for the purposes
of evading the rent stabilization laws, but because they are independent adults who have chosen
not to combine households so that Respondent does not have to give up the only place she has
called home [for] nearly 50 years." 
RSC (9 NYCRR) § 2524.4 (c) allows a landlord to refuse to renew a rent-stabilized
[*2]tenant's lease and recover possession of the premises if it "is
not occupied by the tenant . . . as his or her primary residence." "Primary residence," although left
undefined by the RSC, has been judicially construed as " 'an ongoing, substantial, physical nexus
with the . . . premises for actual living purposes' " (Katz Park Ave. Corp. v Jagger, 11 NY3d 314, 317 [2008], quoting
Emay Props. Corp. v Norton, 136 Misc 2d 127, 129 [App Term, 1st Dept 1987]; accord 68-74 Thompson Realty, LLC v
McNally, 71 AD3d 411, 412 [2010]). 
In reviewing a determination made after a nonjury trial, the power of this court is as broad as
that of the trial court, and this court may render the judgment it finds warranted by the facts,
bearing in mind that the determination of a trier of fact as to issues of credibility is given
substantial deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their credibility
(see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492,
499 [1983]; Hamilton v Blackwood,
85 AD3d 1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]).
Tenant's trial proof established that tenant used the address of her apartment for, among other
things, filing tax returns, receiving social security benefits, receiving mail, voting registration,
her driver's license and vehicle registration, prescription renewal forms, telephone bills,
insurance bills, and bank statements. Tenant never sublet her apartment, and kept her clothing,
furniture and personal belongings there. Finally, tenant continued to attend church in her
neighborhood and did not pay rent for her companion's apartment. The totality of the evidence
adduced at the trial supports the trial court's conclusion that tenant was utilizing the subject
apartment in an "ongoing" and "substantial" manner consistent with physically living at the
subject premises (see Second 82nd
Corp. v Veiders, 146 AD3d 696 [2017]; 710 Madison Ave. LLC v Hicks, 56 Misc 3d 131[A], 2017 NY Slip
Op 50873[U] [App Term, 1st Dept 2017]; Hudsoncliff Bldg. Co. v Houpouridou, 22 Misc 3d 52, 53 [App
Term, 1st Dept 2008]). 
Accordingly, the final judgment is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020